## V. R. BARNETT v. J. A. SMITH ET AL.

### (Filed 10 May, 1916.)

**1. Evidence—Demurrer—Trials—Nonsuit.**

In an action to recover damages for the breach of a contract, there was evidence tending to show that the plaintiff purchased certain lands from defendant, giving mortgage to secure balance of purchase price, sold certain interests to other parties, and finding that he could not pay the balance of the purchase price, the defendant agreed with the plaintiff to convey the land to another purchaser and repay the plaintiff the amount he had already paid, to wit, $100, less $2 which the plaintiff had received from the purchasers of his interest. There was evidence *per contra* by the same witness, and it is held that defendant's demurrer thereto was properly overruled.

**2. Pleadings—Counterclaim—Evidence—Issues.**

Where a counterclaim in an action has not been pleaded, and there is no evidence to sustain such plea, had it been made, the refusal of an issue relating thereto is proper.

**3. Contracts—Deeds and Conveyances — Rescinded by Parties — Notes—Interest.**

Where it is established by the verdict of the jury that a deed to lands with mortgage thereon to secure the balance of the purchase price has been rescinded by the parties, the seller is not entitled to interest on the notes given for the deferred payments.

**4. Witnesses—Impeaching Evidence—Appeal and Error—Harmless Error.**

If evidence is erroneously admitted to impeach the testimony of a witness, it will not be regarded as reversible error when it appears that it could not have had any appreciable influence upon the verdict rendered.

CIVIL ACTION tried before *Webb, J.,* and a jury, at December Term, 1915, of GASTON.

This is an action, commenced before a justice of the peace and tried in the Superior Court on appeal, to recover $98 alleged to be due by contract.

The plaintiff introduced evidence tending to prove that he bought a tract of land from the defendant for $2,500; that he was to pay $100

cash and to secure the balance of $2,400 by a mortgage on the land; that the defendant executed a deed to him for the land and he executed the. mortgage pursuant to the agreement; that thereafter he agreed to let one Wooddle and one Costner have an interest in the land upon their agreement to pay to him a part of the purchase price; that he paid to the defendant the sum of $98 and that Costner and Wooddle made payments to him which were a part of the sum paid to the defendant by the plaintiff; that thereafter, being unable to pay for the land, it was agreed between the plaintiff and the defendant that the plaintiff would convey the land to one Blackwood, to whom the defendant had agreed to sell it, and that in consideration therefor the defendant would repay to the plaintiff all the money he had paid on the land; that the defendant has refused to pay according to this agreement.

The defendant introduced evidence contradicting the evidence on the part of the plaintiff, and there was also evidence on the cross-examination of the plaintiff tending to sustain the contention of the defendant that Wooddle and Costner made their payments to the defendant.

There was a verdict and judgment for the plaintiff, and the defendant excepted and appealed.

The following are the assignments of error considered in the brief:

1. To the refusal of the court to nonsuit the plaintiff at the close of the plaintiff's evidence, as appears in defendant's first exception.

2. To overruling the defendant's objection to testimony, as appears from defendant's second exception, as follows:

This is the question asked the witness:

Q. How many times has that been? (Objection by defendants to testimony of civil action in court, as tending to impeach witness.)

A. I don't know; I haven't so many actions in court. You know how many you and Mason have brought against me.

3. To the failure of the court to nonsuit the plaintiff at the close of all the evidence, as appears from defendant's third exception.

4. To the failure of the court to submit the issue as tendered by the defendant, to wit: "What amount, if any, is the defendant entitled to recover by reason of defendant's counterclaim? Answer."

*No counsel for plaintiff.*
*Mangum & Woltz for defendant.*

ALLEN, J. There are some portions of the evidence of the plaintiff which support the contention of defendant that Wooddle and Costner paid a part of the money on the purchase price of the land, and that the plaintiff cannot recover that part; but there is also positive and direct evidence that the payments made by Wooddle and Costner were to the plaintiff, and that the plaintiff was the only debtor as between him and

the defendant, and that all payments made to the defendant were by the plaintiff. There is also evidence that the defendant promised the plaintiff to repay all amounts paid by him in consideration of the execution of the deed to Blackwood.

The plaintiff testified: "I had paid the defendant Smith all of the $100 except $2, and the agreement was that he was to return the $98."

There being, therefore, evidence sustaining the plaintiff's cause of action, the motion for judgment of nonsuit could not be sustained because of contradictory statements of the witness. *Poe v. Tel. Co.,* 160 N. C., 316.

The issue tendered by the defendant was properly refused, no counterclaim having been pleaded, and there is no evidence to sustain the plea.

The claim of the defendant that he is entitled to recover the interest on the notes executed by the plaintiff up to the time of the conveyance to Blackwood has been repudiated by the jury, as the verdict, considered in connection with the evidence, necessarily means that the original contract was rescinded by mutual agreement upon the terms that the plaintiff was to execute a deed to Blackwood and the defendant to return the money paid to him.

It is also in evidence that the defendant received the rents from the land in lieu of interest.

The answer of the defendant to the impeaching question asked him on cross-examination could not have had an appreciable influence on the verdict, and if erroneous to admit it, it would be harmless.

No error.