FIRST NATIONAL BANK OF ELIZABETH CITY, N. C., v.
ROBERT BROCKETT.

(Filed 12 September, 1917.)

1. **Evidence—Lost Papers—Pleadings—Admissions.·**

   Where a check has been given credit at a bank to the payee, and the maker is sued by the bank for the amount thereof, it is reversible error for the court to enter a judgment of nonsuit against the plaintiff upon the ground there was no evidence of the loss of the check, where the execution of the check, the amount, on what bank drawn, and to whom payable, have been admitted by the answer.

2. **Evidence—Lost Papers—Parol Evidence.**

   Evidence that a check sued on had been received by its payee, sent to the plaintiff bank, and by it to another bank with a letter of transmittal, and by the ·proper employer of latter bank that it had not been received. is sufficient evidence of the loss of the check in the mail to admit parol evidence concerning it.

CIVIL ACTION tried before *Justice, J.*, at the June Special Term, 1917, of PASQUOTANK.

This is an action instituted by the First National Bank of Elizabeth City against Robert Brockett, of High Point, N. C., to recover the sum of $1,335.70, being the amount of a check drawn by Robert Brockett on 21 August, 1915, and paid to C. Syer & Co., of Norfolk, Va., and deposited with the plaintiff on the account of C. Syer & Co., after being endorsed by C. Syer & Co. The evidence tends to prove that Brockett received credit for the full sum and C. Syer & Co. received credit for the full $1,335.70 from the plaintiff bank. The defendant admits drawing the check and owing C. Syer & Co., and that he has never paid it, and has refused to pay it.

The check was not produced at the trial, and at the conclusion of the evidence his Honor entered judgment of nonsuit on the ground that there was no evidence of the loss of the check, and the plaintiff excepted and appealed.

*Aydlett & Simpson for plaintiff.*
*Ward & Thompson for defendant.*

ALLEN, J. The principle requiring the loss of a paper to be established before evidence of its contents is admitted has no application to this case, because the defendant admits in his answer the execution of the check, the amount, on what bank drawn, and to whom payable, and the nonproduction of the paper was only material after verdict in determining the action of the court with reference to indemnity. There was, however, evidence of loss of the check.

C. C. Hayes, a member of the firm of C. Syer & Co., testified that he received the check from the defendant and sent it to the plaintiff. E. V. Griffin, who was employed in the plaintiff bank, testified that the check·was sent out to the Bank of Commerce at High Point in a letter he wrote; and H. A. Willis, cashier of the Bank of Commerce, testified, in substance, that the Bank of Commerce did not receive the check. This, if true, raises a fair presumption that the check was lost in the mail.

It is true, contradictory statements were made by some of these witnesses on cross-examination, but, as said in *Shell v. Roseman,* 155 N. C., 94, and approved in *Christman v. Hilliard,* 167 N. C., 5, this affected the credibility of the witness only, and did not justify withdrawing the evidence from the jury.

The judgment of nonsuit must be set aside.

Reversed.