M. S. HENSLEY ET UX. v. L. HELVENSTON.

(Filed 6 May, 1925.)

**Negligence—Automobiles—Identity of Persons—Evidence—Nonsuit.**

Upon motion as of nonsuit upon the evidence in an action to recover damages of defendant for negligently driving his automobile upon the highway, wherein the evidence was sufficient as to the negligence alleged, testimony of a witness that he had seen defendant driving the car that caused the injury to plaintiff, with the admission that the license plate upon the car was issued in the name of the defendant, is sufficient to take the case to the jury as to the identity of the defendant as the one causing the injury.

APPEAL by plaintiffs from *Shaw, J.,* at October Term, 1924, of MECKLENBURG.

Civil action to recover damages for alleged negligent injuries sustained by plaintiffs in a collision, on a public highway, between the automobile in which plaintiffs were riding and another automobile, which plaintiffs allege was owned and operated at the time by the defendant, L. Helvenston.

From a judgment as of nonsuit entered on a demurrer to the evidence at the close of plaintiffs' testimony, plaintiffs appeal.

*Brenizer & Scholl for plaintiffs.*
*Hueling Davis, Preston & Ross for defendant.*

STACY, C. J.  There was ample evidence tending to show negligence on the part of the driver of the car which struck the automobile in which plaintiffs were riding.  The motion to nonsuit was allowed on the ground that plaintiffs had failed to connect the defendant with the operation of said car or to show that he was liable for its operation. In this we think there was error.

Counsel for plaintiffs and the trial court seem to have overlooked the following testimony of Dr. Ward: "On the night of the 9th day of September, 1923, I was in Charlotte until about ten minutes of nine, at which time I left Charlotte for Monroe; while returning to Monroe, about two miles before reaching Matthews, I noticed a car stopped on the right-hand side of the road, and I thought that I recognized him (Mr. Hensley) as a friend of mine, and so I stopped and asked him if he needed any help.  He said yes, he did, and I pulled up there and got in his car and started it for him and turned it over to him, and while walking back toward my car I looked up toward Charlotte and noticed a car coming at a high rate of speed, swaying from side to side. . . .  In the meantime, Mr. Hensley had gone on toward Monroe and Mr. Helvenston passed me.  The car coming down the road, swaying from side to side, I would judge, was going at a rate of speed between fifty and sixty miles an hour.  After this car passed at the rapid rate of speed which I have described, the accident occurred, which was, I would judge, 25 yards ahead of where I was at the time."

It will be observed the witness says, "Mr. Helvenston passed me." The natural inference from this testimony is that Mr. Helvenston was in the car which was being driven at a high rate of speed and which struck plaintiffs' automobile.  It was further in evidence—in fact, admitted—that this rapidly driven car which ran into plaintiff's automobile bore defendant's license number.  This circumstance, taken in connection with Dr. Ward's testimony, was sufficient to carry the case to the jury.  *Freeman v. Dalton,* 183 N. C., 538.

The presence of Mr. Helvenston on the road that night, if such be a fact, as testified to by Dr. Ward, together with the admitted circumstance that the car which ran into plaintiffs' automobile bore the defendant's license plate or number, is sufficient evidence to warrant the jury in finding, though they would not be required to find from such evidence, that the defendant was responsible for the operation of the car which injured plaintiffs.  *Clark v. Sweaney,* 176 N. C., 529; *Linville v. Nissen,* 162 N. C., 96; *Wallace v. Squires,* 186 N. C., 344.

A reversal of the judgment of nonsuit, of course, leaves the matter open for the plaintiffs, if so advised, to renew their motion for an order of arrest and bail under Art. 33, ch. 12, of the Consolidated Statutes.

Reversed.