FINLEY SMITH v. THE SAFETY COACH LINE, INC.

(Filed 14 April, 1926.)

**Evidence—Questions for Jury—Nonsuit.**

> Where the plaintiff in an action to recover damages from a collision
> caused by the negligence of the defendant in operating one of its auto
> busses carrying passengers for hire, with the automobile which he was
> driving, the plaintiff has testified of his own knowledge that the bus

which struck his automobile was owned by defendant, the fact that he has also testified that the name of the bus was that of one not owned by the defendant, and later that it was the name of a bus owned by it, and being the only evidence on this point, raises a question for the jury, the weight and credibility of the evidence being a question of fact for the jury, and not one of law, and a motion as of nonsuit is properly denied.

CIVIL ACTION, tried before *Carlton, Emergency Judge,* and a jury at December Special Term, 1925, of ALAMANCE.

The plaintiff alleged that about midnight on a certain night in October, 1924, at or near the village of Sedalia, his automobile collided with a bus owned and operated by the defendant; that at the time of the collision the said bus or safety coach was approaching him upon the highway with only one headlight burning and being driven on the wrong side of the road, and otherwise operated in a careless, reckless, unlawful, illegal and wanton manner. There was evidence tending to show that at the time of the collision the roads were wet and slippery and that the driver of the bus, after the collision, stated in substance that he knew he was going to hit plaintiff's car but was not taking any chances in running off the road; that the last time he ran off the road it took him six hours to get back, and that he was behind his schedule anyway. On direct examination the plaintiff testified that the bus that struck his car was named "The Sheik" and was driven by a man named Childress. There was also testimony tending to show that the defendant did not own a coach named "The Sheik" but did own at the time a bus named "Miss Burlington." There was also evidence tending to show that the plaintiff immediately after the collision stated that the name of the bus that struck him was "Miss Burlington." Graham Cates, witness for plaintiff, and who was in the car with plaintiff at the time of the collision, testified: "I have ridden on that car since then. Mr. Childress was operating it when I rode on it. I know the Safety Coach Company was operating it. Mr. Walker, an employee of the Safety Coach, told me he was working for the Safety Coach people. I bought a ticket from him to Greensboro. He told me it was the Safety Coach Bus that hit us."

This testimony was admitted without objection.

The judgment was as follows: "This cause coming on to be heard and being heard before his Honor, Luther M. Carlton, judge presiding and a jury, and issues having been submitted and answered as follows: First. Were the plaintiff and his car injured by the negligence of the defendant as alleged in the complaint? A. Yes. Second. What compensatory damage, if any, is the plaintiff entitled to recover of the defendant? A. $150.00. Third. What punitive damages, if any, is the plaintiff entitled to recover of the defendant? A. $200.00. It is there-

fore ordered, adjudged and decreed that the plaintiff have and recover of the defendant the sum of three hundred and fifty dollars together with the costs of this action, to be assessed by the clerk."

From the judgment as rendered the defendant appealed.

*Carroll & Carroll for defendant.*

BROGDEN, J. The controlling question presented by the record is whether or not there was sufficient evidence to take the case to the jury. The defendant contends that there is not such evidence by reason of the fact that the plaintiff testified that the name of the bus that struck him was "The Sheik," which was not owned by the defendant, and that thereafter during the trial the plaintiff testified that the name of the bus which caused the injury, was "Miss Burlington," said bus being owned by the defendant. Irrespective of the name of the bus, the witness Cates testified, without objection, that after the collision he had ridden in the same bus that caused the injury, and that he knew of his own knowledge that said bus was operated by the defendant. So that, the defendant's contention as to the insufficiency of the evidence rests upon the sole proposition that conflicting evidence ought not to be considered by a jury in the trial of causes. In *Shell v. Roseman,* 155 N. C., 90, this Court has held that conflicting statements of a witness in regard to or concerning a material or vital fact does not warrant a withdrawal of the case from the jury. It affects only the credibility of the witness, and therefore, where inconsistent and conflicting statements are made by a witness or a party, the judge has no power to determine which is correct. This function belongs exclusively to the jury. To the same effect is *Christman v. Hilliard,* 167 N. C., p. 5, where plaintiff testified on direct examination that he could not state whether the land in controversy was embraced in the deed or not. Thereafter on cross-examination he testified that the land was embraced in the deed. The trial judge thereupon nonsuited the plaintiff and under the principles of law heretofore established by the Court, the nonsuit was held to be error. *Ward v. Mfg. Co.,* 123 N. C., 248; *Barnett v. Smith,* 171 N. C., 535; *Evans v. Lumber Co.,* 174 N. C., 31; *Bank v. Brockett,* 174 N. C., 41; *Newby v. Realty Co.,* 182 N. C., 34; *Shaw v. Handle Co.,* 188 N. C., 236; *In re Fuller,* 189 N. C., 512; *Lee v. Brotherhood, ante,* 359.

The charge of the able trial judge covered every phase of the testimony and correctly applied the rules of law pertinent thereto, and the judgment as written must stand.

No error.