Civil action to recover on a contract of insurance.
On 25 May, 1925, the defendant, in consideration of weekly premiums of twenty-five cents each, to be paid on every Monday thereafter, issued to James B. Moore a life insurance policy in the amount of $175, payable to plaintiff (wife of the assured) upon the death of the assured, provided said policy was then "in benefit"; that is, provided the premiums were fully paid, or "in arrears not exceeding four weeks," at the time of the death of the assured. Otherwise, the policy, by its own terms, was to be null and void.
The assured died 28 December, 1925. Plaintiff testified that the policy was in the possession of the assured and in benefit at the time of his death. She further offered a receipt for premiums paid by the assured, purporting to bear date "12-17-25" (17 December, 1925). There was other evidence given by the defendant's agent tending to show that the last payment was made on 9 November, 1925.
At the close of plaintiff's evidence, on motion of defendant, judgment was entered as in case of nonsuit. Plaintiff appeals, assigning errors.
after stating the case: The evidence offered by the plaintiff was sufficient to carry the case to the jury. It is true, the evidence is conflicting as to whether the premiums were or were not in arrears more than four weeks at the time of the assured's death, but this did not warrant the withdrawal of the case from the jury. Myers v. Kirk,192 N.C. 700; Smith v. Coach Line, 191 N.C. 589; Shell v. Roseman,155 N.C. 90. If the plaintiff be entitled to recover under any view of the evidence, the motion for judgment as of nonsuit should be overruled. It is when — and only when — the plaintiff is not entitled to recover in any aspect of the case that such motion should be allowed. Christman v.Hilliard, 167 N.C. 4.
Reversed. *Page 540