*MOLLIE REBECCA WOOTEN v. L. R. BELL.*

(Filed 20 February, 1929.)

**1. Bills and Notes—Actions—Burden of Proof.**

Upon the admission of the execution of a note the burden is upon the defendant to prove payment when relied on by him.

**2. Bills and Notes—Actions—Lost or Destroyed Notes.**

A recovery may be had upon a lost or destroyed note upon satisfactory evidence of its execution, and where this is proved, testimony as to the note itself is admissible.

**3. Same—Payment—Bonds.**

The provisions of C. S., 3055, that upon payment of a note it must be delivered up to the party paying it, does not apply where the note has been lost or destroyed, and, under the facts of this case, there was no error in not requiring a bond for the protection of the maker where there was no request made therefor.

**4. Forfeitures—Failing to List Evidence of Indebtedness for Taxes—Bills and Notes.**

Public Laws of 1927, ch. 71, sec. 64, providing that notes, claims, etc., shall not be recoverable in any action or suit until they have been listed and the taxes paid thereon, will not be construed to work a forfeiture, and does not prevent a recovery on such evidence of debt, but postpones the recovery of judgment thereon until listed and the taxes paid, and where in an action on a note this defense is pleaded, the trial court has the power to allow the plaintiff to list it and pay taxes thereon during the trial and give judgment.

APPEAL by defendant from *Barnhill, J.,* and a jury, at November Term, 1928, of EDGECOMBE. No error.

The issues submitted to the jury and their answers thereto were as follows:

"1. Has the note set out and described in the complaint, from the defendant to the plaintiff been paid, as alleged? Answer: No.

2. If not, what amount is due thereon? Answer: $750 and interest.

3. Has the plaintiff failed to list for taxation said note as a solvent credit during the several years since the same was given to the plaintiff, with a view to evade the payment of taxes? Answer: Yes."

The court below rendered the following judgment: "This cause coming on to be heard at this, the November Term, 1928, of the Superior Court of Edgecombe County, and being heard before his Honor, M. V. Barnhill, judge presiding, and a jury, and the jury having answered the issues as set out in the record: And, whereas, during the course of the trial the defendant by amendment to his pleadings having raised the issue that the note sued on in this action had not been listed for taxes, and the jury having answered this issue in favor of the defendant, and before judgment, the plaintiff having listed and paid all taxes and penalties due on said note, and the court finding this as a fact, that said note has now been listed, and all taxes and penalties paid thereon: It is, therefore, on motion of Henry C. Bourne, attorney for the plaintiff, ordered, adjudged and decreed that said plaintiff recover judgment against said defendant for the sum of $750, with interest thereon at the rate of 6% per annum, from 1 January, 1921, until paid, and for costs of this action to be taxed by the clerk."

The material facts and assignments of error will be set forth in the opinion.

*Henry C. Bourne for plaintiff.*
*F. M. Wooten for defendant.*

CLARKSON, J. The plaintiff sued defendant for the recovery of $750, and interest due by note made by defendant to her. The defendant ad-

mitted the execution of the note and plead payment. The defendant set up the further defense, "That plaintiff with a view to evade payment of taxes failed to cause to be listed for taxation the note in question and pay taxes thereon. (This amendment allowed and made in progress of the trial.)

The defendant's first exception and assignment of error was to the effect that the Court erred in permitting the witness, A. T. Wooten, to give evidence relative to the note, the subject of the action. The defendant demanded that the plaintiff produce the note on which the action was based. The defendant contended that the note had been paid, delivered to him and destroyed, relying upon C. S., 3055. We cannot sustain the defendant's contention.

C. S., 3055, is as follows: "The instrument must be exhibited to the person from whom payment is demanded, and, when it is paid, must be delivered up to the party paying it." Ordinarily this must be done, but not so when the instrument is lost or destroyed.

The defendant having admitted the execution of the note and plead payment, the burden was on the defendant to prove payment. *Collins v. Vandiford, ante,* at p. 239.

The defendant testified: "I walked over there and asked Mr. Graham was the note in the bank, and he said 'Yes'; and I paid Mr. Graham, and I am satisfied he gave me the note, and *I think I walked out and tore it to pieces and threw it in the street."*

Plaintiff's evidence was to the effect that the note had not been paid, but was lost, and for that reason could not be produced on the trial, further, that diligent search had been made for the note. *Mahoney v. Osborne,* 189 N. C., 445; *Bank v. Brickhouse,* 193 N. C., 231.

Speaking to the subject in 3 R. C. L., under Bills and Notes, etc., sec. 568-569, p. 1336, is the following: "The general rule is, that where a writing is merely the evidence of a contract, its loss or destruction does not destroy the cause of action, but renders secondary evidence admissible. Where, however, from the nature of the contract, the party answerable on it is entitled to have the writing delivered up to him, for his security, or to enable him to enforce his rights under it, when he is called on to perform it, as in the case of a negotiable bill or note, if it is lost or destroyed, an action is not maintainable on it, unless his rights can be fully secured by a bond of indemnity or other sufficient security." *Shields v. Whitaker,* 82 N. C., at p. 518; *Fisher v. Webb,* 84 N. C., at p. 48; *Insurance Co. v. Gavin,* 187 N. C., p. 14.

This Court has held that recovery can be had upon a lost or destroyed note, and upon satisfactory evidence of the fact the witness can testify as to the note itself. Many cases in this connection suggest the propriety of requiring a bond of the plaintiff to protect the maker of the

lost or destroyed instrument. In this case the defendant requested no such bond and the judge did not require it of his own motion. In fact, defendant testified that he "tore it to pieces and threw it in the street."

The defendant's second exception and assignment of error was to the effect that the jury having answered the third issue "Yes," that defendant was entitled to judgment and tendered same, which the court below refused to sign. In this we think there was no error. To sustain this contention defendant relied on the following act:

"If any person shall, with a view to evade the payment of taxes, fail or refuse to give in to the assessing officer any bonds, notes, claims, or other evidence of debt which are subject to assessment and taxation under this act, the same shall not be recoverable at law or suit in equity before any of the courts of this State until they have been listed and the tax paid thereon, together with any and all penalties prescribed by law for the nonpayment of taxes." Public Laws 1927, ch. 71, sec. 64, under (24) at p. 145.

Before rendering judgment the court below allowed plaintiff to list the note for the tax and pay the tax and penalty. We think, under the above statute, the court below had this power and *allowed no recovery* until the tax and penalty was paid.

In *Hyatt v. Holloman,* 168 N. C., at p. 388, it is said: "We have said in *Martin v. Knight,* 147 N. C., 564, that a failure to list a solvent credit pursuant to the statute does not prevent recovery in an action thereon, but postpones the recovery of judgment until it is listed and the taxes are paid."

In *Corey v. Hooker,* 171 N. C., at p. 232, it is said: "In any event, defendants would have the right to pay the taxes into court, as they have offered to do if liable therefor."

Forfeitures are not favored either at law or in equity, and courts are inclined to construe an act of this kind so as to prevent a forfeiture. We think the evidence on the first issue sufficient to be submitted to the jury.