C. A. ISENHOUR, ADMINISTRATOR OF KENNETH E. MICHAEL, v.
FRANK EFIRD.

(Filed 20 August, 1930.)

CIVIL ACTION for wrongful death, before *Stack, J.,* at October Term,
1929, of CABARRUS.

The plaintiff instituted an action against the defendant for wrongful
death resulting from an automobile collision upon a public highway.
Judgment was duly rendered upon the verdict in favor of the plaintiff
and the defendant appealed.

*Hartsell & Hartsell for plaintiff.*
*John M. Robinson and Hunter M. Jones for defendant.*

PER CURIAM. There was sufficient evidence of negligence to be sub-
mitted to the jury.

The evidence as to the earnings of deceased while law librarian at
the University of West Virginia was weak and uncertain, but it cannot
be said as a matter of law, that the testimony objected to constituted
no evidence at all. *Smith v. Coach Line,* 191 N. C., 589, 132 S. E.,

567. Certain excerpts are selected from the charge of the trial judge which discloses that the words "proximate cause" do not appear, but in the outset the trial judge instructed the jury: "But negligence alone is not sufficient to entitle one to recover. One who claims damages on account of negligence of another must show two propositions by the greater weight of the evidence. . . . First, that the injury or death was caused by the negligence of defendant; secondly, that the particular negligence alleged was the proximate cause of the death and injury; and proximate cause is the real efficient cause without which the injury or death would not have occurred."

Exceptions were also taken to the instruction of the trial judge to the jury relative to the issue of damages. However, we do not think that such exceptions are of sufficient weight to overthrow the judgment.

No error.