On 31 October, 1914, Mrs. C. C. Lee deposited in the Merchants Bank of Durham the sum of $500, and at the time of making the deposit received a certificate for said sum, duly signed by the cashier of said bank. Subsequently the plaintiff delivered said certificate of deposit to C. B. Green, clerk of the Superior Court of Durham County, in lieu of a guardian bond. The plaintiff filed a final account as guardian and requested the clerk to return said certificate to her, but did not receive it. C. B. Green died in July or August, 1916, and E. L. Tilley succeeded him as clerk of the Superior Court of Durham County. He testified that he saw the certificate of deposit at one time in the presence of Mr. Green, and that after Mr. Green's death he made an examination of all the papers in the office "where certificates of this kind would ordinarily be placed. I went through all the papers. I did not find this certificate. I made this examination immediately after Mr. Green's death. . . . We had two certified public accountants checking over things. They were going over the records to see what money he had and the securities he had in the office. This paper was not found among them." The old courthouse in Durham was torn down and a new courthouse erected. When the old building was dismantled the records in the clerk's office were moved to a location in the Geer Building pending the completion of the new structure.
James Stone, assistant clerk of the Superior Court of Durham County, who has held such office since January, 1922, testified: "I have searched the main office in every nook and corner in there, but we have a big vault that has an accumulation of papers, and it is not where papers of this kind would ordinarily be kept. I have not found the certificate of deposit." The witness further testified that he had searched in "dead vault where old records and things are dumped. The dead vault is about 30 feet square. It is a big file of old magistrates' reports for the past twenty years. . . . I found there an accumulation of Judge Green's old correspondence. I have looked through one or two boxes down there for this certificate. There are about twenty boxes there. . . . I did not find any active papers of any kind there. This would not be a proper place for active papers like a certificate of deposit or anything of value."
The issues were as follows:
1. "Did the plaintiff, as owner and holder of the certificate of deposit, present the said certificate of deposit for payment and demand payment under the terms and provisions thereof?" *Page 638 
2. "Was the certificate of deposit No. 1483, issued by the Merchants Bank of Durham (described in the answer), lost or destroyed while in the hands of the clerk of the Superior Court of Durham County, and cannot now, after due diligence, be found?
3. "What amount, if any, is the plaintiff, Mrs. C. C. Lee (now Mrs. Sidnia Perry), entitled to recover of the defendant?"
The jury answered the first issue "No," the second issue "Yes," and the third issue "$500 at four per cent interest."
From judgment upon the verdict, the defendant appealed.
The defendant resists recovery upon three theories:
1. There was no sufficient evidence of loss or destruction of the certificate of deposit.
2. Such certificate was payable upon demand and upon the return of the certificate, and there was no evidence of such return or demand.
3. There was no sufficient evidence of the loss of the instrument to be submitted to the jury.
The issuance and contents of the certificate were not in dispute. There was sufficient evidence of the loss of the instrument to be submitted to the jury. Bank v. Brockett, 174 N.C. 41, 93 S.E. 370.
The contentions of defendant with respect to presentment and indemnity have been decided adversely by this Court in Wooten v. Bell, 196 N.C. 654,146 S.E. 705.
No error.