DUNCAN TILLEY AND WIFE, ALIS TILLEY, v. C. L. LINDSEY, C. A. POPE, AND VICTOR V. YOUNG, TRUSTEE.

(Filed 26 October, 1932.)

**Judgments L b—Consent Judgment in this case held to bar subsequent suit to restrain collection of note.**

A consent judgment stipulating that the plaintiff recover of the defendant the amount of the note secured by a mortgage and that foreclosure on the mortgage should be delayed for six months upon payment by the defendant of a certain sum per month will operate as a bar to a later action by the defendant to restrain the plaintiff from collecting on the note until it had been listed as personal property and the taxes paid thereon.

APPEAL by plaintiffs from *Barnhill, J.,* at Chambers, 17 May, 1932. From DURHAM. Affirmed.

*R. O. Everett for plaintiff.*
*Brawley & Gantt for defendants.*

PER CURIAM. This action was instituted by plaintiffs against defendants on 21 May, 1932. The complaint contained certain allegations and the prayer of plaintiff is as follows: "(1) That they have judgment against the defendants, jointly and severally, in the sum of $2,000. (2) That C. L. Lindsey and his agent, C. A. Pope, be restrained from selling plaintiffs' property, or interfering with it. (3) That C. L. Lindsey be required to list the note and pay taxes and the penalties thereon as required by law before he be allowed to proceed to collect the note."

The defendant, C. A. Pope, set up the defense that the note made to him by plaintiffs on 21 February, 1930, for borrowed money, in the sum of $1,650, bearing 6 per cent interest due in twelve months, secured by deed in trust to Victor V. Young, trustee, securing same on certain real estate in the city of Durham, N. C., was sold some weeks later to the defendant C. L. Lindsey. The defendant Lindsey denied the material allegations of the complaint, set up the defense that for many years he and his family have been residents of Washington, D. C., and "lists and pays his personal property tax in the city of Washington, D. C." The defendant Lindsey further pleaded *res judicata;* a judgment signed by consent in an action of plaintiffs against defendants (except Pope) on 28 September, 1931. The material part is as follows: "That the defendant, C. L. Lindsey, shall have and recover of the plaintiffs, Duncan Tilley and wife, Alis Tilley, the sum of $1,650 and interest thereon from 21 February, 1929 (this is evidently an error, as the note bears date of 21 February, 1930), until paid, which said indebtedness is represented by a note and deed of trust referred to in the pleadings; that the foreclosure shall be delayed for a period of six months, or until 25 March, 1932, provided and upon the condition that the plaintiffs pay to the defendant, C. L. Lindsey, $25.00 on the 25th day of October, 1931, and on the 25th day of each month for a period of six months, and upon failure to pay said sum of $25.00 each month for the period of six months, the trustee, Victor V. Young, is authorized and instructed to advertise and sell, according to the terms of the deed of trust, the property mentioned and described in the deed of trust and the pleadings."

The defendant further sets up the defense that "This defendant admits that the plaintiff began to pay this defendant the $25.00 per month as stipulated in said judgment, and that the first installment of $25.00 was paid 21 October, 1931, and, the second installment of $25.00 was paid 1 December, 1931, and the third installment which was due 25

December, 1931, was paid in three installments during the latter part of January, 1932, making the total amount paid of $75.00. . . . That the plaintiffs defaulted in the payment which was due on 25 October, 1931; that same was not paid until 31 October, 1931, and neither of the other payments were made as provided in said judgment and that the plaintiffs were in default according to the terms of said judgment on or after 25 October, 1931, and this defendant would have had the right to have had said mortgage foreclosed under the terms of said judgment any time after 25 October, 1931, but did not do so in order to give the plaintiffs an opportunity to sell said property and pay off said loan, or make other arrangements to take up same, and the foreclosure under said deed of trust was delayed until it was demonstrated that the plaintiffs were collecting the rents from said property and using it for other purposes, and would be unable to sell said property for a sum sufficient to pay off said loan, and it was then that this defendant called upon Victor V. Young, trustee, to advertise said property for sale. . . . And that the property described in the petition was sold on 16 April, 1932, after due advertisement and this defendant bid same in for $1,750 in order to protect his interest."

The plaintiff contends the property was worth $2,500. The defendant Lindsey, in his answer, says further: "That this defendant did not then and does not now want said real estate, and the only reason he purchased said property was to protect said loan and is now willing to cancel said judgment and deed of trust, or to have said property deeded to any one designated by plaintiff upon the payment of the indebtedness due this defendant, and the costs in said two actions incurred, and the foreclosure expenses."

The plaintiff denied that Lindsey was a resident of Washington, D. C. The court below rendered the following judgment: "That the sale made by the defendant, Victor V. Young, trustee, on 16 April, 1932, was reported as provided by law and no upset bid was placed thereon within ten days permitted by law. The court being of the opinion that the matters and things in controversy in this action with respect to the $1,650 note is *res judicata,* and without passing on the controverted question whether the defendant, C. L. Lindsey, is a resident of the State of North Carolina, or the District of Columbia, or whether said note has been listed for taxation. The court is further of the opinion that the foreclosure of a deed of trust by the trustee named therein is neither an action at law nor a suit in equity. . . . It is therefore, considered, ordered and decreed by the court that the temporary restraining order heretofore issued be and the same is hereby dissolved."

The plaintiff excepted and assigned error to the above judgment as signed and appealed to the Supreme Court. The exception and assignments of error cannot be sustained. On all the evidence we think the plea of *res judicata* must be sustained. The case of *Wooten v. Bell,* 196 N. C., 654, and cases therein cited in regard to payment of tax, no recovery allowed on note until tax and penalty is paid (N. C. Code, 1931 (Michie), sec. 7971, subsec. 47), is not germane, although the question of residence may be a question of fact; but we think this matter was also *res judicata.* The judgment of the court below is
Affirmed.