This is an action to recover of the defendants Preston M. Perry and his wife, Effie L. Perry, the sum of $2,095.28, with interest on said sum from 9 November, 1936, for lumber and building material which was sold and delivered by the plaintiff to the defendants and used by the defendants in the construction of a house on a lot owned by them and located in the city of Charlotte, N.C. for judgment that plaintiff has a lien as provided by statute on the house and lot described in the complaint for the sum of $2,095.28, and that said house and lot be sold by a commissioner to be appointed by the court for the satisfaction of said lien.
In their answer the defendants deny that the plaintiff sold and delivered to them or to either of them the lumber and building material described in the complaint. They allege that the plaintiff sold and delivered the said lumber and building material to W. M. Wood, who used the same in the construction of a house for the defendants on the lot described in the complaint, in the performance of his contract with the defendants. They further allege that the plaintiff sold and delivered the said lumber and building materials to the said W. M. Wood as a *Page 714 
subcontractor, and thereafter notified the defendants that the said W. M. Wood had failed to pay the plaintiff for said lumber and building material, and demanded that the defendants retain from the sum due by them to the said W. M. Wood, under their contract with him for the construction of said house, the amount due by the said W. M. Wood to the plaintiff for said lumber and building material. They further allege that at the date of said notice and demand the defendants were indebted to the said W. M. Wood, under their contract with him for the construction of said house, in the sum of $1,257.16.
In their answer and at the trial, in accordance with the provisions of C. S., 896, the defendants tendered to the plaintiff, in full settlement of the amount due by them to the plaintiff on account of the lumber and building material sold and delivered by the plaintiff to W. M. Wood, and used by the said W. M. Wood in the construction of the house on defendants' lot described in the complaint, a judgment in favor of the plaintiff and against the defendants for the sum of $1,257.16. The plaintiff in open court declined to accept said judgment as tendered by the defendants. The tender was accordingly withdrawn under the provisions of the statute.
At the trial the plaintiff offered in evidence the record of a notice and claim of lien which was filed by the plaintiff in the office of the clerk of the Superior Court of Mecklenburg County on 30 November, 1936, and duly recorded in said office in Book of Liens No. 5, at p. 99, and which is as follows: "To Whom It May Concern:
"Take notice that the Doggett Lumber Company, a corporation above named, does hereby claim a mechanics', laborers', and material furnisher's lien against the above named Preston M. Perry and his wife, Effie L. Perry, W. M. Wood, and W. R. Cuthbertson, trustee, defendants, and upon the property belonging to the said defendants, or in which the defendants have an interest, the said property being hereinafter more fully described, under, by virtue of and in pursuance to the Constitution and laws of the State of North Carolina, and the said claimant shows:
"1. That the name and residence of the above named corporation, which claims, gives notice of and files this lien, is Doggett Lumber Company, West Park Avenue, Charlotte, North Carolina.
"2. That the names of the persons against whom and upon whose property this lien is hereby asserted, claimed and filed, are Preston M. Perry and his wife, Effie L. Perry, W. M. Wood, and W. R. Cuthbertson, trustee, of Charlotte, Mecklenburg County, North Carolina.
"3. That the property of the said Preston M. Perry and his wife, Effie L. Perry, W. M. Wood, and W. R. Cuthbertson, trustee, upon *Page 715 
which this lien is claimed, asserted, and filed, is in Mecklenburg County, North Carolina, and is more particularly described as follows:
"`Being Lot 14 in Block II, as shown on map recorded in Book 332, at p. 96, in the Mecklenburg registry, the said lot fronting fifty feet on West Kingston Avenue in the city of Charlotte.'
"4. That the materials on account of which this lien is claimed and filed were furnished to and for the above named Preston M. Perry and his wife, Effie L. Perry, by the Doggett Lumber Company under and pursuant to the terms of an agreement, the same being an entire and indivisible contract made and entered into by the said Doggett Lumber Company and the said Preston M. Perry and his wife, Effie L. Perry, and likewise by the said Doggett Lumber Company with the above named W. M. Wood, as agent for Preston M. Perry and his wife, Effie L. Perry, on or about 10 August, 1936, the said Preston M. Perry and his wife, Effie L. Perry being then the owners of the property herein above described; that by the terms of said agreement the claimant. Doggett Lumber Company, contracted and agreed to furnish certain material and cash required for the construction and completion of a dwelling house upon the aforesaid property, and the said Preston M. Perry and his wife, Effie L. Perry, contracted and agreed to pay for said materials.
"A full and detailed description and list of the materials and funds so furnished, together with the dates of the furnishing of the various items and the values and cost thereof is hereto attached, marked Exhibit A, and is by reference made a part hereof. All of the said materials and funds were used in the building of the aforesaid dwelling house upon the above described property, pursuant to the aforesaid contract and agreement. The claimant began to furnish the said materials and funds on or about 10 August, 1936, and completed the furnishing of the same on or about 9 November, 1936.
"5. That, as claimant is informed and believes, the defendant W. R. Cuthbertson, trustee, is the trustee named in a deed of trust from Preston M. Perry and his wife, Effie L. Perry, dated 8 August, 1936, and recorded in Book 891, at p. 165, in the office of the register of deeds of Mecklenburg County, which said deed of trust constitutes a lien upon the above described real estate; that by reason of the lien of said deed of trust upon the above described real estate the said W. R. Cuthbertson, trustee, is made a party defendant herein.
"6. The amount of the indebtedness due to the claimant, the Doggett Lumber Company, by reason of the matters and things herein set forth, is $2,095.28, with interest on said sum at the rate of six per cent per annum from 9 November, 1936, until paid." *Page 716 
The above notice and claim was duly verified by A. W. Doggett, the secretary and general manager of the Doggett Lumber Company. Attached to said notice and claim is an affidavit signed by G. O. Doggett, president of the Doggett Lumber Company, to the effect that Preston M. Perry and his wife, Effie L. Perry, are indebted to the Doggett Lumber Company in the sum of $2,095.28 for lumber and building material sold and delivered to them by said company and used by them in the construction of the house described in the complaint, as shown by the itemized statement of account which is attached to said affidavit.
Lee Grier, who is employed by the Doggett Lumber Company as its general cashier and credit man, as a witness for the plaintiff, testified as follows:
"On or about 8 August, 1936, I called the defendant Preston M. Perry on the telephone. I had talked with W. M. Wood in regard to building a house for Mr. Perry. In consequence of what Mr. Wood had said to me I called Mr. Perry on the telephone and asked him to come by my office. I told him that I wanted to talk with him about selling the lumber for the house which Mr. Wood was going to build for him.
"The next day, 9 August, 1936, Mr. Perry came to my office and told me that he was ready to start his house, and that he wanted to make arrangements for getting the lumber to his lot. I have authority to make sales for the Doggett Lumber Company. Mr. Doggett passes finally on credits.
"Mr. Perry said he wanted to make satisfactory arrangements to get the lumber delivered at his lot. I asked him about his money arrangements to pay for the lumber. He told me that he had made arrangements by which he could get the money to pay for the lumber when the house was completed, and that the money would then be available to pay Doggett Lumber Company for lumber and building materials used in the construction of his house. At that time I did not know that Mr. Wood had a contract with Mr. Perry to build his house for him as a turnkey job. Mr. Perry said nothing to me about his contract with Mr. Wood. We sold the lumber and building materials required for the construction of his house to Mr. Perry that day, and thereafter delivered the same at his lot upon the orders of Mr. Wood.
"We charged the lumber and building materials which we delivered at Mr. Perry's lot on our books to `W. M. Wood — Perry job. West Kingston Avenue.' This was in accordance with out custom, and not because we had sold the lumber and building material used in the construction of Mr. Perry's house to W. M. Wood. We sold the lumber and building material to Mr. Perry. He told us to deliver on the order of Mr. Wood, which we did. *Page 717 
"After we had delivered the lumber and building material shown on the itemized statement we learned that Mr. Wood had contracted to build the house for Mr. Perry as a turnkey job. This was some time early in November, 1936. Mr. Wood had not paid us for the lumber and building material which we had delivered at Mr. Perry's lot, upon Mr. Wood's order, and which Mr. Wood had used in the construction of the house.
"On 25 November, 1936, we sent to Mr. Perry a notice as follows: "`NORTH CAROLINA — Mecklenburg County.
"`A. W. Doggett, being first duly sworn, deposes and says that he is secretary and manager of the Doggett Lumber Company, a corporation, with its principal place of business in the city of Charlotte, Mecklenburg County, North Carolina; that as such he is authorized to make this affidavit, notice, and proof of claim; that between 10 August, 1936, and 4 November, 1936, the Doggett Lumber Company furnished and delivered to W. M. Wood materials, cash, and merchandise as per the itemized statement hereto attached, marked Exhibit A, and made a part hereof, the said materials, cash, and merchandise so furnished amounting to $2,103.76, of which $2,095.28 is still due and owing by the said W. M. Wood to the Doggett Lumber Company, with interest at the rate of six per cent per year from 4 November, 1936, until paid; that the said sum is due over and above all credits, set-offs and counterclaims; that the said materials, cash, and merchandise were used by the said W. M. Wood in erecting a dwelling house upon the property of Preston M. Perry and his wife, Effie L. Perry, on West Kingston Avenue in the city of Charlotte, North Carolina, the said lot being the lot on which the said Preston M. Perry and his wife, Effie L. Perry, are now building or have just completed the building of a new dwelling house thereon; that the said W. M. Wood built the said dwelling house on the aforesaid lot of land for the said Preston M. Perry and his wife, Effie L. Perry; that the said Preston M. Perry and his wife, Effie L. Perry, are now indebted to the said W. M. Wood on account of the erection of the said house on the said lot in an amount in excess of the balance hereinbefore mentioned due by the said W. M. Wood to the Doggett Lumber Company, and that the Doggett Lumber Company is giving this notice and is hereby notifying the said Preston M. Perry and his wife, Effie L. Perry, to deduct the above mentioned balance due to the Doggett Lumber Company by the said W. M. Wood from the amount due by the said Preston M. Perry and his wife, Effie L. Perry, to the said W. M. Wood; and the said Doggett Lumber Company hereby notifies the said Preston M. Perry and his wife, Effie L. Perry, that it will look to them and hold them liable to it for the aforesaid balance of $2,095.28, together with interest from 4 November, 1936, until paid.'" *Page 718 
The foregoing notice was signed and duly verified by A. W. Doggett.
At the conclusion of the foregoing evidence for the plaintiff the defendants moved for judgment as of nonsuit. The motion was allowed, and plaintiff duly excepted.
From judgment dismissing the action as of nonsuit the plaintiff appealed to the Supreme Court, assigning error in the judgment.
For the purposes of this appeal it may be conceded, without deciding, that the testimony of Lee Grier, offered as evidence for the plaintiff at the trial of this action, viewed in the light most favorable to the plaintiff, in accordance with the rule applicable to a motion for judgment as of nonsuit under the statute, C. S., 567, was sufficient to support the allegations of the complaint that the plaintiff sold and delivered to the defendants the lumber and building material described in the complaint and used in the construction of the house on the lot owned by the defendants, and that the defendants promised and agreed to pay plaintiff for said lumber and building materials.
Notwithstanding apparent inconsistencies and even contradictions in the evidence for the plaintiff, where the evidence in any aspect is sufficient to support the contentions of the plaintiff, it should ordinarily be submitted to the jury, and in such case it is error to dismiss the action by judgment as of nonsuit on motion of the defendant. Moore v. Ins. Co.,193 N.C. 539, 137 S.E. 580.
However, in this case, the evidence for the plaintiff shows that after the plaintiff had learned that the house described in the complaint had been constructed by W. M. Wood for the defendants under a contract for a turnkey job, with full knowledge of all the terms and provisions of said contract, the plaintiff elected to give notice as a subcontractor to the defendants as owners of the property of its claim against W. M. Wood for the lumber and building material, which it had sold and delivered to the said W. M. Wood, and which the said W. M. Wood had used in the performance of his contract with the defendants. This notice was given to the defendants on 25 November, 1936. The plaintiff thereby asserted a lien on the property of the defendants as a subcontractor under the provisions of C. S., 2437. By giving the notice it sought to enforce said lien in accordance with the provisions of C. S., 2438.
After the plaintiff had given defendants notice of its claim of a lien on their property as a subcontractor it learned that the amount due by the defendants to W. M. Wood, as contractor at the date of the *Page 719 
notice, was not sufficient to pay its claim in full. Thereafter, to wit, on 30 November, 1936, the plaintiff undertook to assert a lien on defendant's property as a contractor or furnisher of materials under C. S., 2433, by filing notice and claim under the provisions of C. S., 2469. Having elected to file a notice of a lien as a subcontractor under the provisions of C. S., 2437, the plaintiff was estopped from asserting a lien under C. S., 2433.
In Baker v. Edwards, 176 N.C. 229, 97 S.E. 16, it is said by Walker,J.:
"An election of remedies is defined as the choosing between two or more different and coexisting modes of procedure and relief allowed by law on the same state of facts, and it is said in the Scottish law to be based on the principle that a man shall not be allowed to approbate or reprobate. His taking the one or making use of it will exclude or bar the prosecution of the other. The doctrine is generally regarded as being an application of the law of estoppel upon the theory that a party cannot, in the assertion or prosecution of his rights, occupy inconsistent positions."
This principle is applicable to the facts shown by the evidence for the plaintiff in the instant case. Accordingly the judgment dismissing the action as of nonsuit is
Affirmed.