## JOHN W. SHELL *v.* M. I. ROSEMAN.

### (Filed 3 May, 1911.)

1. **Deeds and Conveyances — Fraud—Misrepresentation—Acreage— Description—Imputed Knowledge.**

The mere fact that a grantee in a deed to a tract of land, said to contain 108 acres, had previously been shown the tract and its corners, without other knowledge or information of its acreage, does not necessarily conclude him in his action for damages upon

ascertaining that the deed he accepted conveyed only 88 acres, the deed reciting the corners he had been shown, and apparently conveying 113 acres. and it further appearing that the grantor had had the tract surveyed in the absence of the grantee and had failed in his agreement to notify the grantee of the time of the survey.

2. **Deeds and Conveyances—Fraud—Misrepresentations—Evidence— Questions for Jury.**

When there is evidence tending to show that a grantor of a tract of land induced the grantee to purchase at a certain price by falsely and knowingly representing that it contained 108 acres, and that the grantee, without knowledge of the acreage and relying upon the misrepresentations, accepted a deed to the tract purporting to convey 113 while in fact it conveyed only 88 acres, it is sufficient to go to the jury in the grantee's action to recover damages for false and fraudulent representations in the sale of the land.

3. **Evidence, Conflicting—Determinable Facts—Questions for Jury.**

Conflicting statements of plaintiff's witness of a material or determinate fact in controversy will not justify the withdrawing of the case from the jury. It goes only to the credibility of the witness.

APPEAL from *Jos. S. Adams, J.,* at the August Term, 1910, of IREDELL.

This action is to recover damages for a false and fraudulent representation in the sale of land.

The plaintiff offered evidence tending to prove that the defendant agreed to sell him a tract of land, known as the Christopher place, for $1,600; that the plaintiff did not know the boundaries of this place; that the defendant agreed to have the land surveyed before the deed was made, and to notify the plaintiff so that he might be present at the survey; that the defendant had the survey made, but gave no notice to the plaintiff, and by the survey there were found to be 108 acres in the Christopher place, and 88 acres in the deed afterwards made to the plaintiff; that after the survey, the defendant showed the plaintiff certain corners and made the deed according to those corners, but did not show him the corners of the Christopher place and did not tell him the corners shown to him did not embrace all of the place; that the defendant made the deed to

the plaintiff conveying 88 acres, a part of the Christopher place, and in the deed it is stated that it contains 113 acres more or less, and the plaintiff swears: "I relied on his (defendant's) statement that Exhibit B (the deed made by defendant to the plaintiff) covered all of the Christopher place, and that there were 113 acres."

There was evidence to the contrary, and on cross-examination the plaintiff said: "I don't remember his telling me how many acres there were in the tract. It was always spoken of as 113 acres."

There was a verdict for the plaintiff, and the defendant appealed.

*No counsel for the plaintiff.*
*W. D. Turner and J. B. Armfield for defendant.*

ALLEN, J. The defendant relies on two exceptions in his brief, and all others are waived.

The first is to the refusal to charge that there was no evidence of fraud, and the second for failure to give the following instruction: "If the jury shall find from the greater weight of the evidence that before the delivery and acceptance of the deed from the defendant to plaintiff the plaintiff and the defendant went upon and looked over the land, and that the defendant Roseman showed to the plaintiff, Shell, the lines and corners of the land defendant was selling to plaintiff; and if the jury shall further find from the greater weight of evidence that the deed delivered by Roseman and accepted by Shell, covered the identical lands so pointed out and the identical lines and boundaries, and that the plaintiff, at the time of the acceptance of the deed, knew what land he was getting and the lines and boundaries thereof, then you will answer the second issue, No."

The two exceptions present only one question for determination, and that is, was there evidence of fraud fit to be submitted to the jury, because the facts embodied in the prayer, the basis of the second exception, were admitted by the plaintiff, and if, upon these facts, in connection with the other evidence, the jury must answer the second issue, No, there was no evidence of fraud.

We do not think it was necessarily fatal to the action of the plaintiff that the corners, afterwards embraced in his deed, were shown to him. If he had known the corners of the Christopher place, or had known there were only 88 acres within the lines shown him, he could not recover, because under these circumstances he would not have been misled, but there is no evidence that he knew either of these facts, and it is requiring too much to say he must have known the acreage, because he saw the land and knew the corners. Men of intelligence and experience will frequently differ widely as to the acreage of a tract of land of seventy or one hundred acres, and the fact that one has relied on a statement that there are one hundred and eight or one hundred and thirteen acres in a tract of land containing eighty-eight acres, which he has seen, would not be such negligence as would defeat a recovery, particularly when it is known that the party making the statement has recently surveyed the land.

The rule applicable to cases like this is clearly and accurately stated in *Etheridge v. Vonnoy,* 70 N. C., 724: "In all contracts for the sale of land it is the duty of the purchaser to guard himself against defects of title, quantity, incumbrances and the like; and if he fails to do so, it is his own folly, for the law will not afford him a remedy for the consequences of his own negligence. If, however, representations are made by the bargainor, which may reasonably be relied upon by the purchaser, and they constitute a material inducement to the contract, and are false within the knowledge of the party making them, and cause loss and damage to the party relying on them, and he has acted with ordinary prudence in the matter, he is entitled to relief," and this is approved in *Woodbury v. Evans,* 122 N. C., 781. The same principle is stated in reference to a contract for the sale of land in *Foy v. Houghton,* 85 N. C., 173: "If there is, on the part of the vendor, any act of actual misrepresentation or other positive fraud in regard to a material matter reasonably relied on, then the purchaser will be afforded relief; otherwise the maxim *caveat emptor* applies in all courts, whether of law or equity."

Guided by these authorities, and many others could be cited to the same effect, we think there was evidence of fraud, and it was for the jury to determine its reliability.

There was evidence that the defendant agreed to sell the plaintiff the Christopher place for $1,600, and represented that there was an acreage of 113 acres; that he agreed to have the land surveyed and to notify the plaintiff of the time of the survey that he might be present; that he had the land surveyed, but did not notify the plaintiff, who was not present at the survey; that by the survey he found that the Christopher place contained 108 acres, and that he ran a line cutting off about 20 acres of the place; that he took the plaintiff to the land and showed him the corners of the land which he embraced in his deed, containing 88 acres; that he represented these corners to be the corners of the Christopher place and did not tell the plaintiff he had cut off the 20 acres; that after the survey he represented that there were 113 acres in the deed he made to the plaintiff and that he so stated in the deed; that the plaintiff did not know the boundaries of the Christopher place, nor the acreage of the place conveyed to him and relied on the representations of the defendant.

If so, there was evidence that the defendant made a representation which was material to the contract, false within his knowledge, and relied on by the plaintiff, and, we think, not unreasonably relied on, in view of the fact that the plaintiff knew that the land had been surveyed for the defendant a few days before. We attach much importance to this circumstance, as it distinguishes this case from those where there is an expression of opinion or a statement as to the supposed acreage of a tract of land, which could not be made the basis of a cause of action.

We are not inadvertent to the fact that the plaintiff made a statement on cross-examination as to a material matter, apparently in conflict with his evidence when examined in chief, but this affected his credibility only, and did not justify withdrawing his evidence from the jury. *Ward v. Mfg. Co.,* 123 N. C., 252.

The meaning of the statement itself, as presented in the record, is not very clear when considered in connection with the sentence which follows. If the plaintiff had stated on cross-examination that he was mistaken as to some statement made on his first examination and wished to correct it, the rule would be different. We find                          No error.