J. H. WILLIAMS v. FREDERICKSON MOTOR EXPRESS LINES, INC.

(Filed 22 January, 1930.)

1. **Highways B e—Evidence of defendant's negligence in parking without lights held sufficient.**

Evidence tending to show that the plaintiff's automobile collided with defendant's truck parked partly across the highway on a dark night without a tail light in violation of statute, causing personal injury to the plaintiff and damage to his car, is sufficient to sustain an affirmative answer upon the issue of defendant's actionable negligence. C. S., 2621 (77), 2621(94).

7—198

2. **Negligence D c: Highways B g—Where two inferences are permissible from evidence as to plaintiff's negligence the question is for jury.**

Contributory negligence of the plaintiff will not be held to bar recovery as a matter of law when an inference in his favor is permissible from the evidence, and in this case where the defendant had parked its car on a dark night upon the side of the highway without a tail light, and there is a reasonable inference that under the existing conditions the plaintiff could not have seen the truck in time to have avoided the injury, in the exercise of ordinary care, the question of contributory negligence upon the issue is for the determination of the jury.

CIVIL ACTION, before *Sink, Special Judge,* at March Term, 1929, of MECKLENBURG.

The evidence tended to show that on the early morning of 26 November, 1927, at about 4 o'clock in the morning, the plaintiff was driving his automobile between Charlotte and Gastonia on Highway No. 20, which is an improved highway. About ten miles from Charlotte the plaintiff, while driving on the proper side of the highway, at a speed of about twenty-five miles an hour, collided with a truck owned by the defendant, which was parked on the highway without a tail light. The body of the truck stood about fifty inches from the ground. The tail gate of the truck was projecting at an angle of about 45 degrees, and there was no light on the tail gate.

Plaintiff testified that prior to the collision he was keeping a "lookout up to the time the collision occurred." Plaintiff further testified that the lights on his car were adjusted in accordance with the requirements of the law of North Carolina.

There was further evidence that the plaintiff was going up grade when the collision occurred; that the pavement was dry, and that it was very dark. "The road was straight all the way up the hill" for at least 200 yards. The hard surface was about 22 feet wide at the point of the collision. Plaintiff testified: "I guess I was within five or ten feet of the truck before I saw it. If the truck was moving I could not tell you. When I hit it, it did not drag me one inch. I came to a dead stop as soon as I hit it. I ran my car up underneath the bottom of the truck." The truck was loaded with automobile tires and stood about twelve feet high, and was five or six feet wide.

The testimony further tended to show that plaintiff sustained property damage and serious personal injury.

Issues of negligence, contributory negligence and damages were submitted to the jury and answered in favor of plaintiff.

The verdict awarded damages in the sum of $3,757.00.

The defendant offered no evidence.

From judgment upon the verdict the defendant appealed.

*D. B. Smith and Stewart, McRae & Bobbitt for plaintiff.*
*Thaddeus A. Adams and John M. Robinson for defendant.*

BROGDEN, J.  The plaintiff was driving an automobile in the night time, up grade on a dry hard-surfaced road, with the lights on his car properly adjusted, and ran into an unlighted truck apparently parked on the hard surface on the right-hand side of the road as plaintiff was approaching.  The bottom of the truck stood fifty inches from the ground, and the lights on plaintiff's car upon a level surface would have thrown a beam something like two hundred yards.  There is no evidence as to how far the beam would have been thrown while traveling up grade.

The defendant was plainly guilty of negligence by reason of express violation of C. S., 2621 (77) and 2621 (94), and hence the determinative question at issue is whether the plaintiff was guilty of contributory negligence, barring recovery, as a matter of law.

The defendant relies upon *Hughes v. Luther,* 189 N. C., 841, 128 S. E., 145, and *Weston v. R. R.,* 194 N. C., 210, 139 S. E., 237.  Neither of these cases is applicable to the facts disclosed in the present record. In the *Hughes case* the plaintiff saw the unlighted truck parked on the highway 75 yards away, and was therefore fully apprised of the danger, and yet, took no precaution for his own safety.  In the *Weston case* there was no evidence that the defendant was guilty of any negligence at all.  Furthermore, the plaintiff in that case was fully apprised of the danger because he discovered in the rain and mist an object in front of him.  Notwithstanding, "he made no effort to reduce his speed until it was too late."

In the present case, the evidence tended to show that the plaintiff did not see the unlighted truck and had no notice of impending danger until he was within five or ten feet thereof.  The question is: Ought he to have seen, in the exercise of ordinary care for his own safety; or to state it differently, was his failure to see, under the circumstances, contributory negligence as a matter of law?

In the case of *Harrison v. R: R.,* 194 N. C., 656, 140 S. E., 598, *Stacy, C. J.,* wrote: "In its present state, the law is not able to protect one who has eyes and will not see—ears and will not hear."  Furthermore, the law imposes upon the driver of a motor vehicle the duty of keeping a reasonably careful lookout, not only for other travelers, who are using the highway, but for dangers incurred along the journey. Huddy on Automobiles, 7th ed., 950.  As to whether a motorist, at a given time, was keeping a reasonably careful lookout to avoid danger is ordinarily an issue of fact, and hence the determination of such fact is for a jury.  Moreover, the question as to whether it is contributory neg-

ligence as a matter of law to run into an unlighted truck in the night time, upon a straight road, and where there is nothing to obscure the vision of the driver, has been debated by many courts of this country. An examination of the cases dealing with the subject discloses that there is a wide difference in the judicial thinking upon the subject. For instance, the Kansas Court in *Haines v. Carroll,* 267 Pac., 986, has held that under such conditions it is contributory negligence as a matter of law and no recovery can be had. The Washington Court, in a decision rendered in September, 1927, in the case of *Millspaugh v. Alert Transfer Co.,* 259 Pac., 22, held that the driver of a motorcycle, running into an unlighted truck was guilty of negligence as a matter of law. It appeared, however, that the lights of the motorcycle were weak. Upon the other hand, the Oregon Court in *Murphy v. Hawthorne,* 244 Pac., 79, 44 A. L. R., 1397, holds that colliding with an unlighted truck in the night time raises an issue of fact for the jury. To the same effect is the holding of the Connecticut Court in *Rozycki v. Grain and Products Co.,* 122 Atlantic, 717, 37 A. L. R., 582. It is to be noted, however, that there was evidence of circumstances obscuring the vision of the driver. The Arkansas Court, in the case of *Coca-Cola Bottling Co. v. Shipp,* decided in 1927, 297 S. W., 856, held that it was contributory negligence as a matter of law to run into a truck parked on the highway at night. Upon rehearing this ruling was reversed upon the ground that such facts raised an issue for the jury. The final ruling of the court upon rehearing was by a four to three vote.

These cases from other jurisdictions are referred to, in order to show the existing difference in judicial opinion upon the subject.

However, in this State, the law with respect to nonsuit upon the ground of contributory negligence is well settled. The main difficulty consists in applying the settled rules of law to the facts of a given case. In *Battle v. Cleave,* 179 N. C., 112, 101 S. E., 555, *Hoke, J.,* expressed the principle tersely and succinctly in these words: "The burden of showing contributory negligence, however, is on the defendant, and the motion for nonsuit may never be allowed on such an issue where the controlling and pertinent facts are in dispute, nor where opposing inferences are permissible from plaintiff's proof, nor where it is necessary in support of the motion to rely, in whole or in part, on evidence offered for the defense."

Applying this declaration of law to the facts disclosed in the present record, are there "opposing inferences permissible from plaintiff's proof"? The evidence for plaintiff tended to show that he was keeping a proper lookout but that he was traveling up grade at the time of the collision, and the lights of his automobile having been adjusted accord-

ing to law, threw the rays "down on the surface of the road." Hence the lights would not "pick up" the truck, the bottom of which was standing fifty inches from the ground.

We are of the opinion that "opposing inferences" are permissible from plaintiff's proof, and therefore the case was properly submitted to the jury.