INDUSTRIAL BANK OF ELIZABETH CITY, N. C., v. RESOLUTE FIRE
·INSURANCE COMPANY OF PROVIDENCE, RHODE ISLAND.

(Filed 22 September, 1943.)

**1. Insurance §§ 21, 22d—**

In an action by plaintiff to recover on a fire insurance policy, with loss
payable clause to plaintiff, as mortgagee, and resisted under provision
making policy void for failure to give ownership, when other than sole
and unconditional, where the existence of another mortgage at the time
of issuance of policy does not affirmatively appear, judgment of nonsuit
was erroneous.

**2. Same—**

Under fire insurance policy providing that policy shall be void for
failure to give ownership, when other than sole and unconditional, the ex-
istence of an undisclosed mortgage on the insured property, would seem to
vitiate the policy or relieve the company from liability thereunder, except
as to any lien, mortgage, or other encumbrance specifically set forth
therein as required by the policy.

**3. Evidence § 15: Trial § 23: Insurance § 25c—**

Discrepancies and contradictions in plaintiff's evidence (here whether
or not suit was brought within the time specified in an insurance policy)
are for the jury, and not for the court.

APPEAL by plaintiff from *Bone, J.,* at June Term, 1943, of PASQUO-
TANK.

Civil action to recover on a policy of insurance.

The record discloses that on 6 January, 1941, the defendant issued a
policy of insurance on a Plymouth automobile protecting it against fire
and lightning, the loss, if any, being made payable to the assured,
Clarence Griffin, Jr., and the Industrial Bank of Elizabeth City, as its
interest may appear. The interest of the Industrial Bank, at the time
of the execution of the policy, was that of mortgagee to the extent of
$225.40, and at the time of loss this had been reduced to $129.40.

The contract of insurance contains the following pertinent provisions:

1. "This entire policy shall be void if the assured has concealed or
misrepresented any material fact or circumstance concerning this insur-
ance or the subject thereof."

2. "Unless otherwise provided by agreement in writing added hereto,
and except as to any lien, mortgage, or other encumbrance specifically
set forth and described in paragraph D of this policy, this company
shall not be liable for loss or damage to any property insured hereunder
while subject to any lien, mortgage or other encumbrance."

3. "Except as to any lien, mortgage, or other encumbrance specifically
set forth and described in paragraph D of this policy, this entire policy

shall be void unless otherwise provided by agreement in writing added hereto, if the interest of the assured in the subject of this insurance be or become other than unconditional and sole lawful ownership."

4. "No suit or action on this policy . . . shall be sustainable . . . unless commenced within twelve (12) months next after the happening of the loss."

The plaintiff's mortgage is specifically set forth and described in paragraph D of the policy.

On 6 January, 1941, another mortgage was given on the Plymouth automobile in question to secure a note of $38.00, payable to F. Webb Williams. This mortgage was registered 14 June, 1941.

It is in evidence that the subject of the insurance was destroyed by fire some time between June and October, 1941. The plaintiff's action was commenced 29 September, 1942.

From judgment of nonsuit entered at the close of plaintiff's evidence, the plaintiff appeals, assigning errors.

*M. B. Simpson for plaintiff, appellant.*

*J. Kenyon Wilson for defendant, appellee.*

STACY, C. J. Three questions are to be answered in determining the correctness of the nonsuit.

In the first place, while the plaintiff's mortgage, the policy in suit and the Williams mortgage all bear date 6 January, 1941, it does not affirmatively appear that the Williams mortgage was in existence at the time of the issuance of the policy. Hence, on demurrer to the evidence, the question of concealment or misrepresentation concerning this mortgage would seem to be for the jury. *Wells v. Ins. Co.*, 211 N. C., 427, 190 S. E., 744.

Secondly, as no provision was made by agreement in writing added to the policy for the Williams mortgage, its existence at the time of the loss would seem to vitiate the policy or relieve the defendant from liability thereunder, except as to any lien, mortgage, or other encumbrance specifically set forth and described in paragraph D of the policy. *Roper v. Ins. Co.*, 161 N. C., 151, 76 S. E., 869. The plaintiff's mortgage is so described in paragraph D of the policy which brings it within the exception, and is therefore not affected by the Williams mortgage. *Bank v. Assurance Co.*, 188 N. C., 747, 125 S. E., 631. Indeed, the exception appears to have been made for the benefit of the plaintiff. *Dixon v. Horne*, 180 N. C., 585, 105 S. E., 270.

Thirdly, the evidence is equivocal as to whether suit was commenced within twelve months next after the happening of the loss. This makes

it a matter for the twelve. *Dozier v. Wood,* 208 N. C., 414, 181 S. E., 336. Discrepancies and contradictions, even in plaintiff's evidence, are for the jury, and not for the court. *Shell v. Roseman,* 155 N. C., 90, 71 S. E., 86.

The evidence which makes for the plaintiff's claim appears to be sufficient to overcome the demurrer.

Reversed.