LUTHER PHILLIPS v. BERTHA B. NESSMITH.

(Filed 6 March, 1946.)

1. **Automobiles § 8e, 18h (2)—**

   Plaintiff's testimony that he was driving on the right side of the street with his lights burning, when defendant's truck, which had been parked at the curb, "backed out with speed" and hit plaintiff's car, *is held* sufficient to carry the case to the jury on the issue of negligence.

2. **Automobiles § 18j—**

   Defendant's testimony was to the effect that she was backing her truck from the curb where it had been parked, that her lights, front and rear, were burning, and that she was looking backward the while, when her

truck struck plaintiff's car, and that after the impact she saw plaintiff turn on his lights, and that there was nothing to obstruct the view of either driver, but that she did not see plaintiff's car before the collision. Plaintiff testified his lights were burning throughout.  *Held:* It was error for the court to refuse to submit the issue of contributory negligence.

**3. Negligence § 21—**

The "more than a scintilla" rule of evidence applies equally to the issues of negligence and contributory negligence, and if diverse inferences may reasonably be drawn from the evidence upon the issue of contributory negligence, some favorable to plaintiff and some favorable to defendant, the issue must be submitted to the jury.

BARNHILL, J., dissents.

APPEAL by defendant from *Phillips, J.,* at August-September Term, 1945, of POLK.

Civil action for damages to plaintiff's automobile alleged to have been caused by the negligence of the defendant in backing her truck into the side of plaintiff's car.

On the night of 11 December, 1944, plaintiff was driving his 1937 Ford V-8 along the main street in Tryon, returning from the hospital where he had taken a prisoner.  He says he was on his right side of the street, which was about 30 feet wide, with his lights burning, when the defendant's truck, which had been parked in front of the Rock Grill, "backed out with speed and hit me"; *i.e.,* hit my car, tore off the back fender and otherwise damaged it.

The defendant denied liability and pleaded contributory negligence. She says: "I had come out of the Rock Grill, got in the car and started backing out slowly. . . . Was looking backward as I backed out. . . . I had my lights on both rear and front. . . . I did not see Mr. Phillips' automobile. . . . There was nothing to keep me from seeing up and down the street. . . . Something hit. . . . I saw Mr. Phillips then and he turned his lights on. . . . His lights were off when I stopped.  They came on. . . . At the time I stopped my car I don't think I was quite to the center of the street.  I examined the dirt knocked from the cars and most of it was on my side of the street. . . . There was nothing to obstruct Mr. Phillips' view."

The case was submitted to the jury on the issue of negligence.  The court declined to submit an issue on the plaintiff's alleged contributory negligence.  Exception.  The jury answered the issue of negligence in favor of the plaintiff and assessed his damages at $40.

From judgment on the verdict, the defendant appealed, assigning errors.

*No counsel for plaintiff.*

*M. R. McCown for defendant, appellant.*

STACY, C. J.　The plaintiff's testimony is sufficient to carry the case to the jury on the issue of defendant's alleged negligence. *Wall v. Bain,* 222 N. C., 375, 23 S. E. (2d), 330; *Lincoln v. R. R.,* 207 N. C., 787, 178 S. E., 601. Accordingly, her demurrer to the evidence was properly overruled. *Henson v. Wilson,* 225 N. C., 417, 35 S. E. (2d), 245. But we think there was error in the court's refusal to submit the issue of plaintiff's alleged contributory negligence to the jury. On this issue, the evidence is inharmonious. The defendant's testimony makes it a matter for the twelve. *Liske v. Walton,* 198 N. C., 741, 153 S. E., 318. "The rule applicable in cases of this kind is, that if diverse inferences may reasonably be drawn from the evidence, some favorable to the plaintiff and others to the defendant, the cause should be submitted to the jury for final determination." *Hobbs v. Mann,* 199 N. C., 532, 155 S. E., 163. The "more than a scintilla" rule of evidence applies equally to the issues of negligence and contributory negligence. *Sebastian v. Motor Lines,* 213 N. C., 770, 197 S. E., 539; *Pearson v. Luther,* 212 N. C., 412, 193 S. E., 739; *Moseley v. R. R.,* 197 N. C., 628, 150 S. E., 184; *Moore v. Iron Works,* 183 N. C., 438, 111 S. E., 776.

There was error in refusing to allow the jury to consider the issue of contributory negligence, which entitles the defendant to another hearing.

New trial.

BARNHILL, J., dissents.