ED. EMERY, ET AL., v. LITITZ MUTUAL INSURANCE CO.

(Filed 25 February, 1948.)

**1. Insurance § 25d—**

Insured paid the premium on a policy of fire insurance on his barn at the rate for a "private stable," and not the much higher rate for a "livery stable." The policy provided that insurer should not be liable for loss if the hazard were increased·by any means within the control or knowledge of insured. Insured testified, "I work in the winter and rent horses in the summer," that he had run a riding academy but closed that business when he moved to the premises in question, and had only four horses at the time of the fire, that he never rented horses to anybody and that the barn was private. The fire occurred in the winter. *Held:* Plaintiff's evidence, even though contradictory or equivocal, does not justify nonsuit on the theory that plaintiff's evidence shows no liability to him on the policy in suit.

**2. Trial § 22c—**

Contradictions, discrepancies or equivocations in plaintiff's testimony affect his credibility but do not justify nonsuit.

APPEAL by defendant from *Nettles, J.,* at December Term, 1947, of BUNCOMBE.

Civil action to recover on a policy of insurance.

For about seven years the plaintiff operated a riding academy on Dorch Street in the City of Asheville, where he kept 20 to 25 saddle horses for hire. On 28 August, 1946, he purchased a cabin and barn on Vivian Street from C. D. Hendrix, and immediately had the defendant insure the same against fire for a period of three years, with loss payable

to the mortgagee, as interest may appear, subject to mortgage clause attached. The cabin was insured for $1,000 and the barn for $1,500. The three-year premium was $16.88 for occupancy of dwelling by owner and "private stable." If the barn had been classified as a livery stable, the rate on this alone would have been $81.75 for the three-year period.

The policy provides: "Conditions Suspending or Restricting Insurance. Unless otherwise provided in writing attached hereto this company shall not be liable for loss occurring (a) while the hazard is increased by any means within the control or knowledge of the insured."

The plaintiff took possession of the property on the day of purchase. In about two months thereafter, he sold most of his horses, retained only five, which he moved to the barn, and all of his saddle equipment he put in the cabin. From the cabin, he continued to rent these five horses for hire. They were in the barn on the night of 14 January, 1947, when it was destroyed by fire. One had been sold. Four belonged to the plaintiff. The barn was worth about $2,200.00.

Speaking of the kind of business he did at the Hendrix place, the plaintiff said: "I ran a riding academy, but the barn was private. . . . I work in the winter and rent horses in the summer. . . . Q. Your business is running this riding academy for hiring horses and it has been that right along for seven years? A. In the summer. . . . After I bought the Hendrix property I did not run a riding academy. I closed the business on Dorch Street, and just moved the stuff to the cabin and stored the horses. . . . I never rented the horses to anybody. . . . There were no saddles in the barn. . . . It was private."

The defendant offered to return the premium paid by plaintiff, and demurred to the evidence. Overruled; exception.

There was a verdict for the plaintiff and judgment thereon, from which the defendant appeals, assigning as principal error the refusal of the court to sustain the demurrer to the evidence.

*Jones & Ward for plaintiffs, appellees.*
*Smathers & Meekins for defendant, appellant.*

STACY, C. J. The appellant seeks to pose the question whether nonsuit is proper on plea of avoidance when plaintiff's own evidence shows no liability to him under the policy in suit. *Alspaugh v. Ins. Co.,* 121 N. C., 290, 28 S. E., 415.

A careful perusal of the record leaves us with the impression that it falls short of presenting the question. At most, the plaintiff's testimony is equivocal on the issue of avoidance, or increased hazard within the meaning of the policy. This carries the case to the jury. *Shell v. Roseman,* 155 N. C., 90, 71 S. E., 86. Discrepancies and contradictions, even

in plaintiff's evidence, are for the twelve and not for the court. *Bank v. Ins. Co.,* 223 N. C., 390, 26 S. E. (2d), 862. The equivocation in plaintiff's testimony affected his credibility, but did not work a dismissal of the action. *Ward v. Smith,* 223 N. C., 141, 25 S. E. (2d), 463. Counsel for the defendant, no doubt, made full use of this equivocation in his argument.

Moreover, the mortgagee, who is also a plaintiff and interested by virtue of the loss-payable clause in the policy, may stand in an even stronger position than the owner on the motion to nonsuit. But we do not reach this point.

In the absence of the charge, which is not sent up, it is presumed the jury was properly instructed, both in respect of the evidence and the law arising thereon. *S. v. Hargrove,* 216 N. C., 570, 5 S. E. (2d), 852; *S. v. Jones,* 182 N. C., 781, 108 S. E., 376.

On the record as presented, the motion to nonsuit was properly overruled. The appeal is limited to this one question.

No error.