GLENN C. BARLOW v. CITY BUS LINES, INC.

(Filed 20 October, 1948.)

**1. Automobiles §§ 8d, 18h (3)—**

Evidence tending to show that plaintiff was following a bus on a wet, slippery road, through fog and rain, that the bus suddenly stopped to discharge a passenger and that plaintiff's car collided with the rear of the bus, together with plaintiff's testimony that he did not see any brake lights or stop lights, and testimony of a patrolman that upon his investigation after the accident the auxiliary brake lights of the bus were not functioning and that the regulation rear lights, though burning, were covered with a film, *is held* to require the submission of the issue of contributory negligence to the jury, and judgment of nonsuit on the ground of contributory negligence is error.

**2. Trial § 23a—**

When diverse inferences may reasonably be drawn from the evidence, nonsuit is improper, since the weight of the evidence is for the jury and not the court.

**3. Negligence § 19c—**

It is only when the plaintiff proves himself out of court that nonsuit may be entered on the issue of contributory negligence.

**4. Trial § 22c—**

Discrepancies and contradictions, even in plaintiff's evidence, do not warrant nonsuit.

APPEAL by plaintiff from *Nettles, J.,* May Term, 1948, of CALDWELL.

Civil action for damages to plaintiff's automobile resulting from rear-end collision with defendant's bus, allegedly stopped on highway in the nighttime without proper signals or lights.

On the night of 24 October, 1947, about 11:30 p.m., the plaintiff was driving his 1941 Ford car, in foggy and rainy weather, on Highway No. 321, just outside the city limits of Hickory, when he struck the rear end of defendant City bus while it was standing on the paved portion of the highway, discharging a passenger.

Plaintiff says: "It happened on a little curve in the road. . . . The first thing I knew the bus stopped right in front of me . . . right on the highway, and I could not look around him because a car was coming from the opposite direction; it was raining and foggy. . . . I could not see any stop lights on the car (bus). It was dirty and muddy. I didn't see any brake lights. I was driving about 25 to 35 miles an hour. I hit the bus . . . and crossed to the other side of the highway. . . . There were no signs along the highway indicating a bus stop. . . . I asked the driver how come him to have on no stop lights, and he tried them and they wouldn't work. (Cross-examination) It was a foggy night . . . in

a thickly settled section. . . . I had been through there a good many times. I could not see 300 yards ahead that night. I could have if he had had on any red lights. I could have seen him nearly 1000 feet. . . . I don't know how far I skidded before hitting the bus, it was not a long distance. . . . I did not see it stepped off."

The Highway Patrolman who investigated the accident, testified that the markings on the highway indicated that plaintiff's brakes were applied approximately 35 feet before the impact, and the tracks which led from the rear of the bus indicated a distance of 65 feet from the point of impact to where the Ford had stopped on the left-hand side of the road next to a wire fence. "I found that the two auxiliary stop lights on the bus were not burning. The two small lights on the rear of the bus which were equipped at the time with three small lights on the top of the bus, with the two small lights on the bottom of the bus, which is a combination stop light and red light, were in operation. . . . The lights were not clear; they had a skim of film on the outside at that time. The auxiliary lights were not burning. . . . The bus is between 9 and 10 feet high . . . was lighted on the inside when I arrived, but I don't know whether it was lighted at the time of the collision. . . . The auxiliary brake light was not burning; the two regulation lights were working, but they were very dim due to the fact that a film was on the inside of the light. There was some film over the lights at the top of the bus. . . . I couldn't say whether the lights were burning at the time of the impact, but they were not burning when I got there. I couldn't see because it was foggy. . . . It was very foggy and the road was wet at the time."

From judgment of nonsuit entered at the close of plaintiff's evidence, he appeals, assigning error.

*W. H. Strickland for plaintiff, appellant.*
*Folger L. Townsend for defendant, appellee.*

STACY, C. J.   The question for decision is whether the evidence survives the demurrer. The trial court answered in the negative. We are inclined to a different view.

The case was made to turn in the court below on the contributory negligence of the plaintiff. Opposing inferences seem permissible from the evidence, especially in view of the ambiguity in the testimony of the Highway Patrolman who investigated the occurrence, and in this state of the record the decisions require that the case be submitted to the jury.

The two vehicles were proceeding in the same direction in the night-time, through fog and rain, on a wet, slippery road. The plaintiff says "the first thing I knew the bus stopped right in front of me" and pro-

duced the rear-end collision as another car was coming from the opposite direction; that the bus was dirty and muddy; that he didn't see any brake lights or stop lights, and that the red lights were not in operation. The Highway Patrolman says the lights on the rear of the bus, which were burning when he arrived, including the lights at the top of the bus, were very dim due to a film on the inside of the lights. He further says, "I couldn't see because it was foggy. It was very foggy and the road was wet at the time." This evidence would seem to require the submission of the issue of contributory negligence to the jury.

It is true, there is other evidence less favorable to the plaintiff, but its probable weight is not for the court on motion for nonsuit. *Cummins v. Fruit Co.,* 225 N. C., 625, 36 S. E. (2d), 11; *Clarke v. Martin,* 215 N. C., 405, 2 S. E. (2d), 10; *Williams v. Express Lines,* 198 N. C., 193, 151 S. E., 197. "The rule applicable in cases of this kind is that if diverse inferences may reasonably be drawn from the evidence, some favorable to plaintiff and others to the defendant, the cause should be submitted to the jury for final determination." *Hobbs v. Mann,* 199 N. C., 532, 155 S. E., 163. It is only when the plaintiff proves himself out of court that nonsuit may be entered on the issue of contributory negligence. *Phillips v. Nessmith,* 226 N. C., 173, 37 S. E. (2d), 178; *Lincoln v. R. R.,* 207 N. C., 787, 178 S. E., 601.

Discrepancies and contradictions, even in plaintiff's evidence, are for the twelve and not for the court. *Emery v. Ins. Co.,* 228 N. C., 532, 46 S. E. (2d), 309; *Bank v. Ins. Co.,* 223 N. C., 390, 26 S. E. (2d), 862; *Shell v. Roseman,* 155 N. C., 90, 71 S. E., 86.

The case is controlled by the second line of authorities cited in *Tyson v. Ford,* 228 N. C., 778. Compare *Bus Co. v. Products Co., ante,* 352.

Reversed.