N. L. BAILEY, ADMINISTRATOR OF THE ESTATE OF NATHAN J. BAILEY, DECEASED, v. FRED R. MICHAEL; FRED R. MICHAEL, GUARDIAN FOR ELMA B. MICHAEL; LUTHER MICHAEL REAVES, EXECUTOR OF EDWARD MICHAEL ESTATE T/A MICHAEL'S STORE.

(Filed 3 February, 1950.)

**1. Negligence § 19c—**

Nonsuit on the ground of contributory negligence will not be granted if it is necessary to rely either in whole or in part on defendant's evidence.

**2. Same—**

Nonsuit on the ground of contributory negligence will not be granted unless plaintiff's own evidence, taken in the light most favorable to him, establishes contributory negligence as a sole reasonable inference or conclusion that can be drawn therefrom, and nonsuit on this ground can never be allowed when the evidence as to the controlling and pertinent facts is conflicting.

**3. Automobiles § 8i—**

The failure to observe a stop sign duly erected before an intersection is not negligence *per se*, but is only evidence of negligence to be considered along wtih other facts and circumstances adduced by the evidence. G.S. 20-158.

**4. Automobiles § 18g (5)—**

While physical facts at the scene may speak louder than the testimony of witnesses, the failure of the driver of a car to retain control over it and bring it to a stop after a collision in which he has been seriously or fatally injured is ordinarily but a circumstance to be considered by the jury together with other facts and circumstances adduced by the evidence.

**5. Automobiles § 18h (3)—Nonsuit on ground of contributory negligence held properly refused on conflicting evidence.**

Intestate drove his car into an intersection with a dominant highway and was struck on his left side by a car traveling along the dominant

highway. Plaintiff's evidence was to the effect that his intestate was driving slowly and came practically to a stop before entering the intersection in obedience to a stop sign erected on his street, and that defendants' car entered the intersection at a speed of 40 miles per hour. Defendants' evidence was to the effect that intestate's car entered the intersection at a speed of 45 or 50 miles an hour without stopping, and that defendants' car approached the intersection at about 20 miles per hour. *Held:* Nonsuit on the ground of contributory negligence was properly refused upon the conflicting evidence.

**6. Death § 4—**

The failure of the complaint in an action for wrongful death to allege that the action was instituted within one year of intestate's death does not render the complaint demurrable.

APPEAL by defendants from *Coggin, Special Judge,* at April Term, 1949, of DAVIDSON.

This is an action for wrongful death, instituted 12 November, 1948.

About 9:00 a.m., on 6 December, 1947, the plaintiff's intestate, a young man 21 years of age, accompanied by his sister, was driving his Plymouth car north on Robbins Street, in the City of Lexington, North Carolina, at which time Robert Athay, an employee of the defendants, was operating the defendants' 1937 Chevrolet car in an easterly direction on West 7th Avenue. West 7th Avenue, as it approaches the intersection of Robbins Street from the west, runs in a northerly direction and at a point about 30 or 40 feet from the intersection of Robbins Street curves in an easterly direction. According to the evidence, the driver of a car approaching Robbins Street from the west, on West 7th Avenue, would have to be within 50 feet of the intersection to see a distance of 30 feet to the south down Robbins Street.

The plaintiff's evidence tends to show that his intestate approached the intersection at a speed of 15 or 20 miles an hour; that he practically stopped his car before entering the intersection and looked both to his right and to his left. As he entered the intersection, he was on the right-hand side of Robbins Street. The word STOP was painted in large letters on Robbins Street about 15 feet south of the intersection. The collision occurred slightly to the right of the center of Robbins Street, and a few feet south of the center of West 7th Avenue. The plaintiff's intestate's automobile was hit about the center of the left side by the defendants' Chevrolet automobile with such force as to break the steel reinforced hinge pillar post, and the car was knocked forward, turned over and came to rest on its left side, about 98 feet north of the southeast intersection of Robbins Street and West 7th Avenue, headed south on Robbins Street. Plaintiff's intestate died within some thirty minutes, from injuries sustained in the collision. Plaintiff offered evidence tend-

ing to show that the Chevrolet car of the defendants was being operated at a speed of 40 miles per hour when it entered the intersection where the crash occurred; and that it began to skid about three feet before it entered the intersection and continued to do so until it collided with the left side of the intestate's car; that plaintiff's intestate lost control of his car when it was hit; that the car began to skid about 6 feet south of where the collision occurred and the tire marks continued in a north-easterly direction and then north for a distance of 41 feet from the point where the first skid marks were visible.

The defendants offered evidence tending to show that plaintiff's intestate's car entered the intersection at a speed of 45 to 50 miles per hour, without stopping; that defendants' car was proceeding at the rate of about 20 miles per hour as the driver approached the intersection. The defendants' car, as a result of the contact with the intestate's car, pivoted to the left and came to rest just left of the center of Robbins Street, headed north, with its right rear wheel only a few feet from the point where the collision occurred. The driver of the defendants' car testified as follows: "Before I got to the intersection, I heard this car coming. This was right before I saw the car. I had done applied the brakes. . . . I was 50 feet from the intersection when I first saw him. . . . As I approached the intersection I was slowing down at the time, but I had enough speed that I could not stop my car until it got into the intersection. I could not stop the car quicker than I did. . . . I was approaching the intersection at a speed that I could not stop before I got into the intersection."

From a verdict and judgment for the plaintiff, the defendants appeal and assign error.

*Sim A. DeLapp, Hubert E. Olive, and Stoner & Wilson for plaintiff.*
*Joe H. Leonard and Don A. Walser for defendants.*

DENNY, J. The defendants assign as error the refusal of the court below to sustain their motion for judgment as of nonsuit on the ground that the plaintiff's intestate was guilty of contributory negligence as a matter of law, citing *Powers v. Sternberg,* 213 N.C. 41, 195 S.E. 88; *Henson v. Wilson,* 225 N.C. 417, 35 S.E. 2d 245; *Tyson v. Ford,* 228 N.C. 778, 47 S.E. 2d 22; *Cox v. Lee,* 230 N.C. 155, 52 S.E. 2d 355, and G.S. 20-158.

A motion for judgment as of nonsuit on the ground of contributory negligence on the part of a plaintiff or his intestate in actions for wrongful death, will not be granted if it is necessary to rely either in whole or in part on testimony offered by the defense to sustain the plea of con-

tributory negligence. *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307, and cited cases.

The burden of proof on the issue of contributory negligence being on the defendants, they were not entitled to a judgment as of nonsuit, unless the plaintiff's evidence, taken in the light most favorable to him, so clearly established such negligence that no other reasonable inference or conclusion could be drawn therefrom. *Dawson v. Transportation Co.,* 230 N.C. 36, 51 S.E. 2d 921; *Hobbs v. Drewer,* 226 N.C. 146, 37 S.E. 2d 131; *Cummins v. Fruit Co.,* 225 N.C. 625, 36 S.E. 2d 11; *McCrowell v. R. R.,* 221 N.C. 366, 20 S.E. 2d 352; *Godwin v. R. R.,* 220 N.C. 281, 17 S.E. 2d 137; *Hampton v. Hawkins,* 219 N.C. 205, 13 S.E. 2d 227; *Hayes v. Telegraph Co.,* 211 N.C. 192, 189 S.E. 499.

The evidence of the plaintiff and the defendants is in sharp conflict, but, as said by *Stacy, C. J.,* in *Barlow v. Bus Lines,* 229 N.C. 382, 49 S.E. 2d 793: "It is only when the plaintiff proves himself out of court that nonsuit may be entered on the issue of contributory negligence. *Phillips v. Nessmith,* 226 N.C. 173, 37 S.E. 2d 178; *Lincoln v. R. R.,* 207 N.C. 787, 178 S.E. 601. Discrepancies and contradictions, even in plaintiff's evidence, are for the twelve and not for the court. *Emery v. Ins. Co.,* 228 N.C. 532, 46 S.E. 2d 309; *Bank v. Ins. Co.,* 223 N.C. 390, 26 S.E. 2d 862; *Shell v. Roseman,* 155 N.C. 90, 71 S.E. 86." This is in accord with what was said in *Battle v. Cleave,* 179 N.C. 112, 101 S.E. 555, by *Hoke, J.,* and quoted with approval by *Brogden, J.,* in *Williams v. Express Lines,* 198 N.C. 193, 151 S.E. 197, as follows: "The burden of showing contributory negligence, however, is on the defendant, and the motion for nonsuit may never be allowed on such an issue where the controlling and pertinent facts are in dispute, nor where opposing inferences are permissible from plaintiff's proof, nor where it is necessary in support of the motion to rely, in whole or in part, on evidence offered for the defense."

The defendants contend, however, that the failure of plaintiff's intestate to bring his car to a complete stop before entering the intersection was a violation of G.S. 20-158. Conceding the failure of plaintiff's intestate to stop his car before entering the intersection, we have held that failure to observe a stop sign is not negligence *per se* or *prima facie* negligence, but only evidence thereof, which may be considered by the jury, along with the other facts and circumstances adduced by the evidence, in passing upon the question of negligence. *Hill v. Lopez,* 228 N.C. 433, 45 S.E. 2d 539; *Reeves v. Staley,* 220 N.C. 573, 18 S.E. 2d 239; *Groome v. Davis,* 215 N.C. 510, 2 S.E. 2d 771.

The authorities relied upon by the appellants are not controlling on this record. While it is true that sometimes the physical facts speak louder than the witnesses, *Powers v. Sternberg, supra;* but where the

driver of a car is seriously or fatally injured in a collision, the control or lack of control exercised by such driver in bringing the car to a stop after the collision, is ordinarily but a circumstance to be considered by the jury together with the other facts and circumstances adduced by the evidence, in passing upon the question of negligence or contributory negligence. The facts in this case warranted the submission of the issue of contributory negligence to the twelve.

The defendants also demurred *ore tenus,* in this Court, to the plaintiff's complaint on the ground that it fails to allege that the action was instituted within one year of his intestate's death. The demurrer is overruled. *Colyar, Admrx., v. Motor Lines, ante,* 318.

In the trial below, we find

No error.