GERALD RUFUS WILLIAMS v. ROBERT HUBERT KIRKMAN.

(Filed 8 November, 1950.)

**1. Automobiles §§ 15, 18h (3)—**

Plaintiff's evidence to the effect that defendant, who was traveling on a hard surface highway, approached an intersection with a dirt road at excessive speed and collided with the bicycle ridden by plaintiff as it entered the intersection from the dirt road, *is held* not to establish contributory negligence as a matter of law on the part of plaintiff and nonsuit on that ground was properly denied, notwithstanding conflicting evidence introduced by defendant or even contradictions and discrepancies in plaintiff's own evidence.

**2. Negligence § 19c—**

Plaintiff's own evidence must show contributory negligence without opposing inferences in order to justify nonsuit on this ground, since defendant's evidence upon the issue is not to be considered in passing upon the question and contradictions and discrepancies in plaintiff's own evidence do not justify nonsuit.

**3. Trial § 22c—**

Discrepancies or contradictions in plaintiff's own evidence do not justify nonsuit.

APPEAL by defendant from *Bobbitt, J.*, March Term, 1950, of RANDOLPH.

Civil action to recover damages for personal injuries sustained in a collision between plaintiff's bicycle and defendant's automobile allegedly caused by the negligence of the defendant.

The transcript reveals that plaintiff and defendant are both residents of Randolph County. In the late afternoon of 11 May, 1949, the plaintiff, a boy 17 years of age, was delivering papers with his bicycle (apparently on the outskirts of High Point, though this is not clear from the record). He was riding on a dirt road which intersects with the paved highway known as the "Old Thomasville Road," and collided with the defendant's 1946 Mercury Coupe within this intersection.

The defendant had been to High Point and was traveling southward on the "Old Thomasville Road" or Highway, presumably going to his home in Randolph County, and was "making not less than 70" miles an hour according to one of plaintiff's witnesses who observed the car 250 feet north of the intersection. She further stated, "almost the second I saw the car I heard the brakes begin to screech." There is also evidence that 350 yards north of the intersection the defendant was "driving very fast."

The skid marks on the hard surface indicated that defendant's car was from 2½ to 3 feet over the center of the highway "about 50 to 70 feet from where he hit the boy."

20—232

The defendant, on the other hand, testified that he was traveling between 40 and 45 miles an hour; that there was a lot of shrubbery on the left side of the road; that he saw the top of the boy's head when the boy was about 50 feet from the intersection, "and saw that he was running fast. . . . I was then about 50 feet back from this road . . . or 75 feet further up. . . . I slowed straight to the ditch, just as he came out of the road into the side of the car. . . . He came in too fast. . . . His front wheel came straight into my front wheel on the left side."

The jury answered the issue of negligence and contributory negligence in plaintiff's favor and awarded him damages in the sum of $1,000.00.

From judgment on the verdict, the defendant appeals, assigning error in the refusal of the court to dismiss the action as in case of nonsuit.

*Ottway Burton for plaintiff, appellee.* ·
*Spence, Smith & Walker for defendant, appellant.*

STACY, C. J. The question for decision is whether the evidence making for plaintiff's cause survives the demurrer, carries the case to the jury and suffices to support the verdict. The trial court answered in the affirmative and we approve.

The evidence readily permits an inference of excessive speed and reckless driving on the part of the defendant. This was in violation of law and calls for a jury verdict, unless the plaintiff's own evidence establishes his contributory negligence as a matter of law. The trial court was of opinion that it did not and that the issue was one for the twelve. We agree. *Bailey v. Michael,* 231 N.C. 404, 57 S.E. 2d 372; *Gladden v. Setzer,* 230 N.C. 269, 52 S.E. 2d 804; *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307; *Hancock v. Wilson,* 211 N.C. 129, 189 S.E. 631.

There is evidence to the effect that the defendant approached the point of collision at a negligent rate of speed; that he saw the plaintiff peddling his bicycle towards the intersection at a fast pace when he, the plaintiff, was yet 50 feet away, and that the defendant by reason of his own speed—he then being from 50 to 75 feet above the intersection—was unable to avoid the collision, albeit he applied his brakes immediately upon noticing the plaintiff. "When I saw him," the defendant says, "I hit my brakes because he was coming fast." And yet the defendant says he was traveling only 40 to 45 miles an hour. How fast was he going? The witnesses do not agree. The jury alone may answer.

Conceding the sufficiency of defendant's evidence to support a finding of contributory negligence on the part of the plaintiff, still this is the defendant's evidence to be considered by the jury on the issue, but not by the court on a motion for judgment as in case of nonsuit. *Bailey v. Michael, supra; Barlow v. Bus Line,* 229 N.C. 382, 49 S.E. 2d 793;

*Phillips v. Nessmith,* 226 N.C. 174, 37 S.E. 2d 178; *Lincoln v. R. R.,* 207 N.C. 787, 178 S.E. 601.

It is only when the plaintiff proves himself out of court that a judgment of nonsuit may be entered on the issue of contributory negligence. *Bailey v. Michael, supra; Howard v. Bingham,* 231 N.C. 420, 57 S.E. 2d 401. When the plaintiff goes upon the witness-stand he necessarily subjects himself to cross-examination, and here is where his admissions may be fatal to his case. But even then, mere discrepancies or contradictions in his evidence will not take the case from the jury. *Bailey v. Michael, supra; Emery v. Ins. Co.,* 228 N.C. 532, 46 S.E. 2d 309; *Shell v. Roseman,* 155 N.C. 90, 71 S.E. 86. He must show or reveal, without opposing inference, that he was contributorily negligent. Speaking to the point in *Battle v. Cleave,* 179 N.C. 112, 101 S.E. 555, *Hoke, J.,* with his usual clarity and accuracy of statement, put it this way: "The burden of showing contributory negligence, however, is on the defendant, and the motion for nonsuit may never be allowed on such an issue where the controlling and pertinent facts are in dispute, nor where opposing inferences are permissible from plaintiff's proof, nor where it is necessary in support of the motion to rely, in whole or in part, on evidence offered for the defense." *Bailey v. Michael,* 231 N.C. 404, 57 S.E. 2d 372; *Templeton v. Kelley,* 215 N.C. 577, 2 S.E. 2d 696; *Ferguson v. Asheville,* 213 N.C. 569, 197 S.E. 146.

This is the only question presented by the appeal. As the ruling below is approved, the verdict and judgment will be upheld.

No error.