### W. C. JACKSON v. WILLIAM P. HODGES, INS. COMR., ET AL.

(Filed 22 November, 1950.)

**1. Insurance § 34a—**

Plaintiff's testimony that he had been totally and permanently disabled by bodily injury or disease, with testimony of his physician that defendant by reason of illness was permanently, continuously, and wholly prevented from doing any work whatsoever for compensation, gain, or profit, or from following any gainful occupation, *is held* sufficient to be submitted to the jury in an action on a disability clause in a certificate of insurance not-

withstanding defendant's evidence to the contrary and contradictions and discrepancies in the testimony of plaintiff's own witnesses.

**2. Trial § 22b—**

Defendant's evidence in conflict with that of plaintiff is not to be considered on motion to nonsuit.

**3. Trial § 22c—**

Discrepancies and contradictions, even in plaintiff's evidence, do not justify nonsuit.

APPEAL by plaintiff from *Williams, J.,* February Term, 1950, of WAKE.

Civil action instituted before justice of the peace on 29 March, 1947, to recover $190.05 alleged to be due under insurance contract.

There was a judgment for the plaintiff in the justice's court, and on appeal to the Superior Court, judgment as in case of nonsuit was entered at the close of plaintiff's evidence.

Plaintiff appeals.

*Sam J. Morris for plaintiff, appellant.*
*Allen Langston for defendant, appellee, Jr. O. U. A. M.*

STACY, C. J.   The plaintiff undoubtedly suffered an adverse judgment in the Superior Court because no clear, succinct statement of the facts was made in that court, as none appears on the record here. And we may add that neither brief contains such a statement.

Repeated perusals of the record reveal these central facts:

1. The contract of insurance is admitted. It was issued to plaintiff by the defendant on 31 March, 1932.

2. Sick benefits for total and permanent disability were paid thereunder for four years beginning in 1937.

3. Payments were then stopped or suspended and additional proof of disability required.

4. Additional proof was furnished and payments were resumed for a period of four months.   (Dates not ascertainable from the record.)

5. Payments were again stopped or suspended and additional proof of disability demanded.   These were furnished, but payments were not resumed.   (Dates not ascertainable from record.)

6. This suit was instituted 29 March, 1947, for 13 months' sick benefit, arrearage and certain premiums.

7. The only question debated on the hearing and here was and is the plaintiff "totally and permanently disabled by bodily injury or disease, so that he is and will be permanently, continuously and wholly prevented thereby from performing any work whatsoever for compensation, gain or profit, or from following any gainful occupation," in the language

of the certificate of insurance? If this be answered in the affirmative, liability is conceded.

The plaintiff testified that he had been totally and permanently disabled from bodily injury or disease for 10 or 12 years, and his doctor testified: "In my opinion, he was at that time (January 1947), by reason of his illness, permanently, continuously and wholly prevented from doing any work whatsoever for compensation, gain or profit, or from following any gainful occupation."

This evidence suffices to carry the case to the jury. True, there is other evidence tending to show the plaintiff's disability was neither total nor permanent, some from his own witnesses, but on demurrer, this is not to be considered. *Howard v. Bell, ante,* 611; *Graham v. Gas Co.,* 231 N.C. 680. Discrepancies and contradictions, even in plaintiff's evidence, are for the twelve and not for the court. *Williams v. Kirkman, ante,* 609; *Bailey v. Michael,* 231 N.C. 404, 57 S.E. 2d 372; *Barlow v. Bus Lines,* 229 N.C. 382, 49 S.E. 2d 793.

Reversed.