LESTER HARRIS, ADMINISTRATOR OF THE ESTATE OF SHERIFF J. HARRIS, v. AVERY LEE DAVIS AND D. L. EASTER.

(Filed 10 October, 1956.)

**1. Automobiles § 44: Negligence §§ 17, 21—**

The burden of proof on the issue of contributory negligence is on defendant, but defendant is entitled to have the evidence bearing on that issue considered in the light most favorable to him in determining whether there is sufficient evidence of contributory negligence to be submitted to the jury.

**2. Automobiles §§ 32, 44—Evidence of contributory negligence of cyclist held sufficient for submission of issue to jury.**

Defendant's testimony on adverse examination introduced by plaintiff tended to show that as defendant was overtaking and passing a bicyclist, traveling in the same direction on his right-hand side of the highway, defendant blew his horn, pulled to his left so as to straddle the center of the highway, and that just as defendant came abreast of the bicycle, intestate turned his bicycle suddenly to the left, right in front of defendant's truck. The evidence further tended to show that the right headlight on defendant's truck hit the bicycle about the middle of the right-hand lane. *Held:* The evidence is sufficient to warrant the submission of the issue of intestate's contributory negligence to the jury.   G.S. 20-149(b).

**3. Automobiles § 32—**

> Bicycles are vehicles and every rider of a bicycle upon a highway is subject to the provisions of the Motor Vehicle Act, except those which by their nature can have no application.

**4. Appeal and Error § 35—**

> Where the charge of the court is not in the record, it will be presumed that the court correctly instructed the jury on every phase of the case, both with respect to the law and the evidence.

JOHNSON, J., not sitting.

APPEAL by plaintiff from *Parker, J.,* June Term, 1956, of WILSON.

This is an action to recover damages for the alleged wrongful death of plaintiff's intestate.

About 6:40 a.m. on 25 October, 1955, the defendant Davis was driving the defendant Easter's dump truck on a rural paved road leading from Stantonsburg, North Carolina, to a sand pit in the county. Plaintiff's intestate, Sheriff J. Harris, was riding his bicycle on the pavement along the extreme right side of the highway, proceeding in the same direction as the defendant Davis' truck. It was daylight. Visibility was good.

Defendant Davis was adversely examined by the plaintiff prior to the trial of the case, and his testimony obtained on the adverse examination was introduced by the plaintiff at the trial. The defendants offered no testimony.

The testimony of Davis in his adverse examination is to the effect that he saw Sheriff J. Harris on his bicycle approximately 200 yards in front of him. Both of them were proceeding easterly and Harris was riding on the right-hand portion of the highway. Davis was driving approximately 35 miles per hour, and when he saw Harris he slowed down to 25 miles per hour; that he had passed Harris on this road many times before, in fact, every morning and evening for some time, except Saturdays and Sundays; that on this occasion when he got close to him, he slowed down a little bit and turned to the left to pass him. As he was getting ready to pass him, Harris fell in front of him. The impact took place in the right half of the highway. That he pulled out slightly to the left to go around him, but he didn't pull his truck completely over into the left lane. He drove down the road with his truck approximately straddling the middle of the road. That Harris turned his bicycle slightly to the left, right in front of the truck. Before that, Harris was well to the right side of the highway. Just about the time he hit him, his bicycle was about in the middle of the right-hand lane. The truck did not run over the bicycle or Harris, and was stopped in less than its length.

This witness further testified during the adverse examination, "I would say I was 20-25 feet from him when I blew my horn. I was about 25 feet behind him and going around him when I blew my horn." However, when the transcript was written up, the witness corrected his testimony as follows: "I desire to correct my testimony about blowing the horn. Before I pulled to the left to get around Harris, I blew my horn two or three times. The last time I blew my horn, I was approximately 25 yards from Harris, not 20 or 25 feet as appears in the record. I desire to make this change for the reason the record is not correct."

The Highway Patrolman who investigated the accident testified that the defendant Davis told him that he blew his horn as he was approaching Harris; that he pulled out to the left to go around Harris, whom he had seen riding his bicycle up in front of him on the right-hand edge of the pavement; that just as he went to pass him, Harris turned his bicycle sharply to the left and into the truck. The Patrolman further testified that he saw some fine glass all over the right-hand portion of the highway.

Other evidence tended to show that the only damage to the truck was to the right front headlight. The glass was broken out of that headlight and glass was found within one or two feet of the right-hand edge of the pavement.

The usual issues of negligence, contributory negligence, and damages were submitted to the jury, and the issues of negligence and contributory negligence were answered in the affirmative.

Judgment was accordingly entered, and the plaintiff appeals, assigning error.

*Lucas, Rand & Rose for plaintiff appellant.*
*Gardner, Connor & Lee for defendant appellees.*

DENNY, J. The determinative question on this appeal is whether or not the evidence on contributory negligence was sufficient to warrant the submission of that issue to the jury.

We concede that the question presented is an extremely close one. However, the defendants having alleged contributory negligence, and the burden being on them on that issue, they are entitled to have the evidence bearing thereon considered in the light most favorable to them in considering whether or not the issue should have been submitted.

In *Battle v. Cleave,* 179 N.C. 112, 101 S.E. 555, *Hoke, J.,* in stating the law with respect to nonsuit upon the ground of contributory negligence as a matter of law, said: "The burden of showing contributory negligence, however, is on the defendant, and the motion for nonsuit may never be allowed on such an issue where the controlling and pertinent facts are in dispute, nor where opposing inferences are permissible

from plaintiff's proof . . ." *Ferguson v. Asheville,* 213 N.C. 569, 197 S.E. 146; *Williams, v. Express Lines,* 198 N.C. 193, 151 S.E. 197.

While no one contends that the negligence of plaintiff's intestate was of such a nature as to constitute contributory negligence as a matter of law, we think opposing inferences are permissible in this respect from plaintiff's evidence, and that it was for the jury to determine whether or not the plaintiff's intestate was contributorily negligent. Furthermore, the conflict in plaintiff's, evidence bearing on this question was for the jury to resolve and not the court. *Barlow v. Bus Lines,* 229 N.C. 382, 49 S.E. 2d 793; *Emery v. Insurance Co., 228* N.C. 532, 46 S.E. 2d 309; *Bank v. Insurance Co.,* 223 N.C. 390, 26 S.E. 2d 862.

In *Tarrant v. Bottling Co.,* 221 N.C. 390, 20 S.E. 2d 565, *Winborne, J.,* now *Chief Justice,* said: ". . . it is pertinent to note that for the purposes of the Motor Vehicle Act, effective in this State at the time of the accident in question, 'bicycles' shall be deemed vehicles, and every rider of a bicycle upon a highway shall be subject to the provisions of the Act applicable to the driver of a vehicle, except those which by their nature can have no application."

It is presumed that in the trial of this case the trial judge properly instructed the jury with respect to the statutory requirements imposed upon motorists in passing a vehicle proceeding in the same direction, as contained in G.S. 20-149(b), as well as on every other phase of the case, both with respect to the law and the evidence, since the charge was not brought forward in the case on appeal. *Hatcher v. Clayton,* 242 N.C. 450, 88 S.E. 2d 104; *S. v. Harrison,* 239 N.C. 659, 80 S.E. 2d 481; *Bell v. Brown,* 227 N.C. 319, 42 S.E. 2d 92; *Emery v. Insurance Co., supra.*

In the trial below we find

No error.

JOHNSON, J., not sitting.